The Reverend Miriam (Peggy) Hays 12 Deerwood Conway, AR 72034
Dear Rev. Hays:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of a popular name and ballot title for a proposed initiated measure. My office has revised and certified the popular name and ballot title for a similar measure, as evidenced by Op. Att'y Gen. 2001-299. That measure was subsequently withdrawn. Another similar measure was rejected due to ambiguities in the text of the proposed measure. See Op. Att'y Gen. 2001-346. You have since made additional changes to the measure and submitted a revised popular name and ballot title for my certification. Your proposed popular name and ballot title state:
 Popular Name THE ARKANSAS ANIMAL CRUELTY ACT Ballot Title AN ACT AMENDING ARKANSAS LAW CONCERNING CRUELTY TO ANIMALS TO ADD A SECTION ESTABLISHING THE OFFENSE OF "AGGRAVATED CRUELTY TO ANIMALS," TO BE CODIFIED AS ARKANSAS CODE ANNOTATED § 5-62-102; PROVIDING THAT A PERSON COMMITS THIS OFFENSE IF HE OR SHE KNOWINGLY TORTURES, MUTILATES, MAIMS, BURNS, POISONS, OR MALICIOUSLY KILLS, STARVES, OR DISFIGURES ANY ANIMAL; CLASSIFYING AGGRAVATED CRUELTY TO ANIMALS AS A CLASS D FELONY; PROVIDING AN EXEMPTION FOR CONDUCT OTHERWISE AUTHORIZED BY LAW OR LEGAL PRIVILEGE, INCLUDING, BUT NOT LIMITED TO: 1) HUNTING, FISHING, OR ANY OTHER ACTIVITY AUTHORIZED BY AMENDMENT 35 OF THE ARKANSAS CONSTITUTION, THE ARKANSAS CODE, OR ANY ARKANSAS GAME AND FISH COMMISSION REGULATIONS PROMULGATED THEREUNDER, 2) ROUTINE ACCEPTED LIVESTOCK, POULTRY, OR AQUACULTURE MANAGEMENT PRACTICES, 3) THE PROTECTION OF LIVESTOCK AND POULTRY AS AUTHORIZED BY ARKANSAS CODE ANNOTATED § 20-19-102, WHICH ESTABLISHES THE RIGHT TO KILL A DOG THAT HAS KILLED OR IS ABOUT TO CATCH, INJURE, OR KILL LIVESTOCK OR POULTRY, 4) LAWFUL VETERINARY PRACTICES, AND 5) LAWFUL PEST CONTROL PRACTICES; ESTABLISHING A NEW SECTION TO BE CODIFIED AS ARKANSAS CODE ANNOTATED § 5-62-103, AUTHORIZING THE COURT TO ORDER ANY OFFENDER CONVICTED OF CRUELTY TO ANIMALS, AGGRAVATED CRUELTY TO ANIMALS, UNLAWFUL ANIMAL FIGHTING, OR UNLAWFUL BEAR EXPLOITATION TO UNDERGO A PSYCHIATRIC OR PSYCHOLOGICAL EVALUATION AND COUNSELING OR TREATMENT, AT THE OFFENDER'S EXPENSE; ESTABLISHING A NEW SECTION TO BE CODIFIED AS ARKANSAS CODE ANNOTATED § 5-62-104, RECOGNIZING THE STATUS OF ABUSED ANIMALS AS CONTRABAND; PROVIDING A PROCEDURE WHEREBY A PROSECUTING ATTORNEY MAY SEEK AND OBTAIN FORFEITURE BY A COURT OF AN ABUSED ANIMAL TO A SOCIETY INCORPORATED FOR THE PREVENTION OF CRUELTY TO ANIMALS OR TO AN ANIMAL CONTROL AGENCY BY FILING A VERIFIED PETITION STATING THE BASIS FOR HIS OR HER BELIEF THAT THE ANIMAL DESCRIBED IN THE PETITION WAS POSSESSED IN VIOLATION OF LAWS PROHIBITING CRUELTY TO ANIMALS OR AGGRAVATED CRUELTY TO ANIMALS; AND PROVIDING A SOCIETY INCORPORATED FOR THE PREVENTION OF CRUELTY TO ANIMALS A STATUTORY LIEN AGAINST ABUSED ANIMALS SEIZED AS EVIDENCE FOR COSTS OF FOOD, HOUSING, MEDICAL, AND OTHER NECESSARY EXPENSES; AMENDING ARKANSAS CODE ANNOTATED § 5-62-101
(CRUELTY TO ANIMALS) TO DELETE EXISTING PROVISIONS FOR MENTAL HEALTH EVALUATION, COUNSELING, OR TREATMENT, TO DELETE EXISTING PROVISIONS FOR CUSTODY TRANSFER OF ABUSED ANIMALS, AND TO ADD A PROVISION SPECIFYING THAT AN OFFENSE OF CRUELTY TO ANIMALS SHALL BE A CLASS D FELONY IF THE DEFENDANT HAS PREVIOUSLY BEEN CONVICTED OF ANY OFFENSE INVOLVING THE USE, ATTEMPTED USE, OR THREATENED USE OF VIOLENCE TOWARD OR CRUEL MISTREATMENT, CRUEL NEGLECT, ABANDONMENT, OR UNAUTHORIZED KILLING OF AN ANIMAL; AMENDING THE EXISTING ARKANSAS UNLAWFUL DOG FIGHTING STATUTE (ARKANSAS CODE ANNOTATED § 5-62-120) TO CHANGE THE WORD "DOG" TO "ANIMAL" THEREBY ESTABLISHING THE OFFENSE OF "UNLAWFUL ANIMAL FIGHTING" AND EXTENDING THE EXISTING FELONY AND MISDEMEANOR PENALTIES TO COCKFIGHTING AND OTHER ANIMAL FIGHTING EVENTS; DEFINING "ANIMAL" FOR PURPOSES OF THE ANIMAL FIGHTING SECTION AS ANY ANIMAL THAT IS IN THE CUSTODY OF HUMANS, INCLUDING ANY DOG OR BIRD; DEFINING "ANIMAL FIGHT" OR "ANIMAL FIGHTING" AS COMBAT BETWEEN TWO OR MORE ANIMALS AS DEFINED IN THE ANIMAL FIGHTING SECTION; ESTABLISHING A CLASS D FELONY OFFENSE FOR THE MANUFACTURE OR SALE OF DEVICES INTENDED TO ENHANCE AN ANIMAL'S FIGHTING ABILITY; ESTABLISHING A CLASS D FELONY OFFENSE FOR THE PURCHASE, POSSESSION, OR CONFIGURATION OF ANY DEVICE WITH THE INTENT OF USING SUCH DEVICE FOR ANIMAL FIGHTING OR TO ENHANCE AN ANIMAL'S FIGHTING ABILITY; AND ESTABLISHING A CLASS D FELONY OFFENSE FOR PERMITTING ONE'S PREMISES TO BE USED FOR ANIMAL FIGHTING; AND PROVIDING FOR THE SEVERABILITY OF PROVISIONS OF THE ACT.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed act. See Arkansas Women's Political Caucus v.Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed act that will give the voter a fair understanding of the issues presented.Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v.Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five-minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Pluggev. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic ActionCommittee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citingLeigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed act, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed ballot title due to ambiguities in the text of the measure. Several additions or changes to your ballot title are necessary, in my view, in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed act to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. § 7-9-107(b).
The ambiguities arise under Section 4 of your initiated measure, which establishes a new Arkansas Code Section 5-62-104, entitled "Disposition of abused animals." Subsection (h) of this section states in relevant part that:
 In addition to any other provision of law, any society which is incorporated for the prevention of cruelty to animals having actual or constructive possession of an animal seized as evidence of a violation of this subchapter shall have a lien against such animal. . . . [Emphasis added.]
This provision raises several ambiguities, in my view. I am uncertain, as an initial matter, regarding the circumstances under which such a society would gain "actual or constructive possession" of an animal seized as evidence. Although I can speculate as to various scenarios in this regard, this matter is not addressed under current law. This may lead to confusion or uncertainty for the voter.
A specific area of ambiguity arises, moreover, from the reference to the animal having been seized "as evidence of a violation of thissubchapter." This could, it seems, include a scenario where a society has possession of the animal(s) as a result of its seizure during an arrest by an agent of the society. See A.C.A. §§ 5-62-112 and 5-62-113 (regarding such arrest authority and the issuance of search warrants). If that is the case, then I believe an ambiguity arises from this reference to "a violation of this subchapter." The "subchapter" is Subchapter 1 of Chapter 62 of Title 5 of the Arkansas Code. This subchapter includes not only § 5-62-101 (cruelty to animals), but several other offense provisions, including § 5-62-120 (unlawful dog fighting), § 5-62-122
(permitting livestock to run at large), and § 5-62-124 (unlawful bear exploitation). Under current law, agents of a society incorporated for the prevention of cruelty to animals, upon proper appointment, can make arrests for violations of A.C.A. §§ 5-62-110 through 5-62-119. See A.C.A. §§ 5-62-113 (arrest authority) and note to §§ 5-62-113 and — 110. See alsogenerally Norton v. State, 307 Ark. 336, 820 S.W.2d 272 (1991).
Your proposed act might be interpreted as expanding this arrest authority by virtue of the assumption under the act that a society has possession of an animal seized "as evidence of a violation of this subchapter." I am uncertain, however, whether this was in fact the intent. Your proposed ballot title states that the lien in favor of a society incorporated for the prevention of cruelty to animals applies "against abused animalsseized as evidence." (Emphasis added.) This seems to suggest that you view the lien provision as applying in the case of animals that are seized as evidence of a violation of the offense of cruelty to animals (A.C.A. § 5-62-101), or the new offense of aggravated cruelty to animals (new A.C.A. § 5-62-101). Clarification of this possible inconsistency between the text of the measure and the proposed ballot title is necessary, in my view, for proper reflection in the ballot title.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest, Case No. 00-485 (July 7, 2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matters discussed above, resubmit your proposed act, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh