OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Jonathan Martin, appeals the decision of the Mahoning County Court No. 4, which found him guilty of driving while intoxicated and sentenced him accordingly, specifically challenging the trial court's decision denying his motion to suppress. We conclude the officer had probable cause for the arrest. As Martin told the officer he had been driving the car, competent, credible evidence supported a conclusion that the Martin drove the car soon before the officer arrived on the scene of the accident, and Martin displayed several indicia of being under the influence of alcohol when the officer arrived at the scene. Thus, the trial court's decision is affirmed.
 {¶ 2} At 6:10 A.M. on August 15, 2000, an Ohio State Trooper received a call from her dispatcher about a car being off the road on State Road 46 just south of Kirk Road in Austintown, Ohio. The trooper arrived at the scene at 6:25 A.M. and found the vehicle in a ditch facing south on the eastside of the road. There were no marks on the road, the tracks in the mud looked fresh, and no one was in the vehicle. She then saw Martin walking northbound about 500 feet away from the vehicle.
 {¶ 3} The trooper approached Martin, saw he had wet and muddy shoes and socks, and began questioning him. Martin told the trooper the accident had occurred between 4:30 and 5:00 in the morning. After talking with Martin, the trooper had him perform standard field sobriety tests, which he performed poorly, and administered a portable breath test. The trooper transported Martin to the department for a breath test which showed his BAC at 7:40 A.M. was .187. Martin signed a written statement and the trooper arrested Martin for driving under the influence and failure to control.
 {¶ 4} Martin moved to suppress all evidence obtained as the result of his arrest, which the trial court denied. Martin then properly preserved his arguments for appeal by pleading no contest to the charges against him in accordance with Crim.R. 12(I). In exchange for his plea the charge for failure to control was dismissed. He was then sentenced accordingly. Martin timely appealed this judgment.
 {¶ 5} On appeal, Martin's fifth assignment of error dealt with irregularities in the record. Specifically, a document found in the record appeared to be hand-written notes which the clerk who prepared the record labeled "Background from Tpr. Lisa Martin-Williams." On October 25, 2002, we remanded the matter in order for the trial court to determine whether that item should have been included as part of the record on appeal. The trial court responded in a November 10, 2002 entry where it stated that the item was the trial court's personal notes and should not be included as part of the record on appeal. As the trial court has the power to correct the record pursuant to App.R. 9(E), the item Martin complains of is no longer in the record. Therefore, Martin's fifth assignment of error is meritless.
 {¶ 6} Martin's remaining assignments of error all deal with the trial court's denial of Martin's motion to suppress. Appellate review of a motion to suppress presents mixed issues of law and fact. State v.Jedd (2001), 146 Ohio App.3d 167, 171, 765 N.E.2d 880. When conducting that review, appellate courts must accept a trial court's findings of fact if they are supported by competent, credible evidence. State v.Winand (1996), 116 Ohio App.3d 286, 288, 688 N.E.2d 9. Accepting those facts as true, we must then independently determine whether the trial court's decision met the applicable legal standard. State v. Santini
(2001), 144 Ohio App.3d 396, 406, 760 N.E.2d 442. Unless the trial court clearly abused its discretion and the defendant has been materially prejudiced thereby, an appellate court should not disturb the trial court's decision. State v. Issa (2001), 93 Ohio St.3d 49, 64,752 N.E.2d 904. An abuse of discretion connotes more than an error of law or judgment; it implies the trial court's attitude was unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157, 16 O.O.3d 169, 404 N.E.2d 144. Because of the nature of the arguments contained in Martin's assignments of error, we will address them in reverse order.
 {¶ 7} Martin asserts in his fourth assignment of error:
 {¶ 8} "The charging officer was not the officer who testified at the suppression hearing as having observed or arrested the defendant."
 {¶ 9} Martin contends the police officer who testified at the suppression hearing was not the arresting officer. Accordingly, he argues the State failed to prove that the violations occurred in the presence of the officer which filed the complaint. In response, the State makes two arguments. It first contends Martin waived this argument by failing to bring this claimed error to the attention of the trial court. It next argues a review of the record demonstrates the person who testified at the hearing was the same officer who filed the complaint.
 {¶ 10} Essentially, Martin challenges the trial court's factual conclusion that the officer who testified at the hearing was the arresting officer. Thus, we must accept the trial court's conclusion if there is competent, credible evidence supporting that conclusion.Winand.
 {¶ 11} The exhibits admitted at trial are signed by a Trooper Martin. The person testifying at the hearing is identified in the partial record as Trooper Williams. The transcript does not contain the portion of Trooper Williams' testimony identifying herself and the App.R. 9(C) statement merely refers to her as Trooper Williams, not Trooper Martin or Trooper Martin-Williams. This would appear to support Martin's contention that they are not the same person.
 {¶ 12} However, a review of Trooper Williams' testimony and other portions of the record demonstrates that she was the "Trooper Martin" who filed the complaint. Her description of the facts were the same as those contained in the police report signed by Trooper Martin. Both she and the attorneys referred to the police report signed by Trooper Martin as her report. When confronted about inconsistencies between the report and her testimony, Trooper Williams admitted she was mistaken and that the report was more accurate. Finally, the subpoena issued to procure the attendance of the arresting trooper directs "Trooper Lisa Martin-Williams" to appear and testify. This evidence is competent, credible evidence supporting a conclusion that the Trooper Martin who signed the police report and filed the complaint was the same person who testified at the suppression hearing. Martin's fourth assignment of error is meritless.
 {¶ 13} In his second and third assignments of error, which we will address together, Martin asserts:
 {¶ 14} "The court improperly determined the crash occurred between 6:00 and 6:10 on 8/15/2002."
 {¶ 15} "The court improperly found the BAC test was administered within 2 hours of arrest."
 {¶ 16} Martin challenges the trial court's conclusion that the accident occurred between 6:00 and 6:10 A.M. and, therefore, that the breath test was conducted within two hours of the time of the alleged violation. Martin argues the trial court erred in making the finding because the evidence "clearly establishes that the time of the occurrence is unknown." This argument is based largely upon the fact that Martin twice changed his story when telling the officer when the accident occurred. Once again, Martin is challenging the trial court's factual findings. Again, this court must accept those findings if they are supported by competent, credible evidence. Winand.
 {¶ 17} In this case, there is competent, credible evidence supporting the trial court's conclusion relating to the time of the accident. The dispatcher told the trooper of the accident at 6:10 A.M. When the trooper arrived at the scene, the markings in the ground looked fresh and Martin's shoes and socks were muddy. At that time, he was walking away from the vehicle, but had not gone very far. The accident occurred on a heavily trafficked road, even that early in the morning, and no one had reported an accident previously. Martin first told the trooper that the accident occurred between 4:30 and 5:00 A.M., but changed his story upon further questioning. Later, he once again stated the accident occurred between 4:30 and 5:00. When he first told the trooper that the accident occurred at an earlier time, the trooper thought he was being overly deliberate in his answers, which made her think he was lying. All of these facts lead to the conclusion that the accident had occurred shortly before 6:10 A.M.
 {¶ 18} Martin's argument asks this court to reweigh the evidence, something we are prevented from doing. Our role is to see whether competent, credible evidence supports the trial court's factual conclusion. The fact that Martin told the trooper that the accident had occurred between 4:30 A.M. and 5:00 A.M. and that it had occurred between 6:00 A.M. and 6:10 A.M. does not mean that the evidence fell below the applicable standard of proof. In this case, there was competent, credible evidence supporting the trial court's finding. Martin's second and third assignments of error are meritless.
 {¶ 19} Turning to the final issue to be resolved, Martin asserts in his first assignment of error:
 {¶ 20} "The court improperly concluded that the officer had probable cause to arrest the defendant."
 {¶ 21} An officer has probable cause to arrest someone for DUI when, "at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." State v. Homan (2000), 89 Ohio St.3d 421,427, 732 N.E.2d 952. As this court previously explained, "[p]robable cause exists where there is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious person in the belief that an individual is guilty of the offense with which he or she is charged." State v. Downen (Jan. 12, 2000), 7th Dist. No. 97-BA-53, at 2. An arrest may merely be supported by the arresting office's observations of indicia of alcohol consumption and operation of a motor vehicle while under the influence of alcohol. State v. Lloyd
(1998), 126 Ohio App.3d 95, 105, 709 N.E.2d 913. When conducting this review, the court must look to the totality of the facts and circumstances surrounding the arrest. Homan at 427.
 {¶ 22} Martin argues the trial court erred when denying his motion to suppress because there was no evidence that Martin was the driver of the vehicle or that he was intoxicated at the time it was driven and, thus, that there was no probable cause for the arrest. However, the record demonstrates that Martin told the trooper that he was the driver of the car before he was arrested.
 {¶ 23} In addition, there appears to be ample reason for the officer to conclude that Martin was intoxicated when he last drove the car. Courts look to numerous factors when determining whether there was probable cause for an arrest for DUI.
 {¶ 24} "Without citing the numerous cases which have been canvassed, it may be said these factors include, but are not limited to (1) the time and day of the stop (Friday or Saturday night as opposed to, e.g., Tuesday morning); (2) the location of the stop (whether near establishments selling alcohol); (3) any indicia of erratic driving before the stop that may indicate a lack of coordination (speeding, weaving, unusual braking, etc.); (4) whether there is a cognizable report that the driver may be intoxicated; (5) the condition of the suspect's eyes (bloodshot, glassy, glazed, etc.); (6) impairments of the suspect's ability to speak (slurred speech, overly deliberate speech, etc.); (7) the odor of alcohol coming from the interior of the car, or, more significantly, on the suspect's person or breath; (8) the intensity of that odor, as described by the officer (`very strong,' `strong,' `moderate,' `slight,' etc.); (9) the suspect's demeanor (belligerent, uncooperative, etc.); (10) any actions by the suspect after the stop that might indicate a lack of coordination (dropping keys, falling over, fumbling for a wallet, etc.); and (11) the suspect's admission of alcohol consumption, the number of drinks had, and the amount of time in which they were consumed, if given. All of these factors, together with the officer's previous experience in dealing with drunken drivers, may be taken into account by a reviewing court in determining whether the officer acted reasonably. No single factor is determinative." State v.Evans (1998), 127 Ohio App.3d 56, 63, 711 N.E.2d 761, footnote 2.
 {¶ 25} In this case, the trooper testified Martin appeared disheveled, his car was in a ditch on the side of the road, and he performed the field sobriety tests poorly. Given these facts, it was reasonable for the trooper to believe he had been driving under the influence of alcohol. Accordingly, the trial court's conclusion that the officer had probable cause for to make the arrest was supported by competent, credible evidence and this assignment of error is also meritless.
 {¶ 26} Given that each of Martin's assignments of error are meritless, the decision of the trial court is affirmed.
Waite, P.J., and Vukovich, J., concur.