OPINION
{¶ 1} Appellant Elden B. Strawder was convicted on one count of driving under the influence ("DUI") in Carroll County Court. Prior to pleading no contest to the charge, Appellant filed a motion to suppress because he believed there was insufficient cause to initiate the traffic stop. The motion was overruled, and Appellant is now challenging that ruling. The record of the suppression hearing reveals that the officer made the stop on the basis of a reasonable belief that Appellant had no license plate lights on his vehicle. The officer later noticed an odor of alcohol as Appellant approached the officer during the traffic stop. The trial court had competent, credible evidence before it with which to overrule Appellant's motion to suppress, and the judgment of the trial court is hereby affirmed.
 {¶ 2} On September 20, 2003, Patrolman Brian Thomas of the Carrollton Police Department was driving his patrol car east on Main Street in Carrollton sometime around midnight. The officer looked in his rear view mirror and saw the back of Appellant's vehicle. He noticed that the license plate was not illuminated. (Tr., p. 3.) The officer turned his patrol car in order to verify that the license plate was not illuminated. (Tr., p. 4.) He then turned his patrol car completely around to follow Appellant, and initiated a traffic stop. When the cars came to a stop, Appellant immediately exited his vehicle, and the officer ordered him to get back in the vehicle. (Tr., p. 4.) Officer Thomas immediately noticed an odor of alcohol coming from Appellant. He asked Appellant if he had been drinking, and Appellant stated that he had consumed three beers. (Tr., p. 4.) Officer Thomas then conducted field sobriety tests. A subsequent breathalyzer test revealed that Appellant had a blood alcohol level of .138. Officer Thomas cited Appellant for one count of DUI in violation of Carrollton Ordinance ("Ord.") 333.01, and one count of failure to properly illuminate a license plate in violation of Ord. 337.04.
 {¶ 3} The trial court appointed counsel for Appellant. On November 3, 2003, Appellant filed a motion to suppress on the grounds that there was insufficient cause to initiate the traffic stop. The court held a hearing on the motion on December 23, 2003. Officer Thomas testified at the hearing. The court overruled the motion, and Appellant subsequently agreed to plead no contest to the DUI charge. The failure to illuminate charge was dropped. On January 27, 2004, the court sentenced Appellant to 15 days in jail and a $750 fine, with a two-year license suspension. This timely appeal followed on February 26, 2004.
 {¶ 4} Appellant's sole assignment of error asserts:
 {¶ 5} "The trial court erred when it found that the officer had reasonable suspicion to stop defendant's vehicle."
 {¶ 6} This appeal challenges a trial court decision involving a motion to suppress. Appellate review of a motion to suppress presents mixed issues of law and fact. State v. Jedd (2001),146 Ohio App.3d 167, 171, 765 N.E.2d 880. A reviewing court must accept a trial court's findings of fact if they are supported by competent, credible evidence. State v. Winand (1996),116 Ohio App.3d 286, 288, 688 N.E.2d 9. Accepting those facts as true, the reviewing court must then independently determine whether the trial court's decision met any applicable legal standards. Statev. Santini (2001), 144 Ohio App.3d 396, 406, 760 N.E.2d 442. Matters relating to the admissibility, weight, and credibility of evidence are left to the trial court's sound discretion. Statev. Tibbetts (2001), 92 Ohio St.3d 146, 160, 749 N.E.2d 226.
 {¶ 7} Appellant argues that a police officer may only initiate a traffic stop based on a reasonable and articulable suspicion that the suspect is engaging in criminal activity.Terry v. Ohio (1968), 392 U.S. 1, 21, 88 S.Ct. 1868,20 L.Ed.2d 889; State v. Andrews (1991), 57 Ohio St.3d 86, 87,565 N.E.2d 1271. The Fourth andFourteenth Amendments to the United States Constitution, as well as Section 14, Article I of the Ohio Constitution, prohibit the government from initiating a search and seizure, including a brief traffic stop, unless it is supported by an objective and reasonable justification. Terry,
supra, 392 U.S. at 20-21.
 {¶ 8} Reasonable articulable suspicion is more than a vague hunch. It must be based upon a "particularized and objective basis for suspecting the particular person * * * of criminal activity." United States v. Cortez (1981), 449 U.S. 411,417-418, 101 S.Ct. 690, 66 L.Ed.2d 621. An officer's observation of a traffic violation can constitute reasonable suspicion to justify a traffic stop. State v. Kuhn, 7th Dist. No. 02 BA 7, 2003-Ohio-4007, ¶ 13.
 {¶ 9} Appellant asserts that Officer Thomas attempted to justify the traffic stop on the basis of the improperly illuminated license plate, but that the officer's testimony does not describe a traffic violation. Appellant contends that Ord. 337.04(b) requires a license plate to be illuminated so as to be legible from a distance of 50 feet. Appellant contends that Officer Thomas saw a distorted view of the vehicle in the rear view mirror, based on the theory that most rear view mirrors tend to make objects appear closer than they really are. Appellant also wishes this Court to take judicial notice that a vehicle must be less than 50 feet away to be visible in a rear view mirror. Appellant further submits that Officer Thomas could not have noticed the lack of illumination when he drove behind Appellant, because the patrol car's headlights were shining on the license plate. Finally, Appellant asserts that Officer Thomas never turned off his headlights during the traffic stop, and never verified that Appellant's license plate was improperly illuminated.
 {¶ 10} Appellant gives no basis for this Court to take judicial notice that a driver cannot see another vehicle in the rear view mirror if that vehicle is more than 50 feet away. Judicial notice is governed by Evid. R. 201. A court, including a reviewing court, may take judicial notice of facts that are commonly known within the jurisdiction of the court, or that are easily verified by sources that cannot reasonably be questioned. Evid. R. 201(B), (F). Appellant has not pointed to any source verifying the minimum point of visibility of a rear view mirror. Common sense would indicate that a rear view mirror can be adjusted so that vehicles may be seen from many different distances, both nearer and farther than 50 feet.
 {¶ 11} Furthermore, Appellant's argument distorts Officer Thomas' testimony and does not accurately describe the facts of this case. Appellant incorrectly categorizes Officer Thomas' testimony in a number of ways. First, the officer did not admit that his rear view mirror makes objects appear closer than they really are. Appellant's counsel did ask the officer if, "side view mirrors in cars have something written along the bottom[.]" (Tr., p. 8.) Officer Thomas testified that there is, "[s]omething about objects in [the] mirror may be closer tha[n] they appear." (Tr., p. 8.) He then stated that it could be further, and not closer. (Tr., p. 8.) The officer was not asked, and did not testify, about the mirrors in his own patrol car.
 {¶ 12} Appellant also distorts the officer's testimony concerning the action he took to verify that the license plate was not illuminated. Appellant contends that the officer simply turned around and viewed the license plate in the patrol car headlights. The officer testified, though, that he did not turn around completely to verify his observation, because, "if I turned around directly behind the vehicle my lights would illuminate whatever was behind the vehicle [and] that would not allow me to properly tell whether or not there was true light on the rear of the vehicle." (Tr., pp. 3-4.) He testified that he first verified the lack of proper illumination by partially turning the patrol car, and then completed the turn so that he could follow Appellant's vehicle. (Tr., p. 4.)
 {¶ 13} The fact that Officer Thomas did not verify the faulty license plate light after he made the traffic stop is not particularly relevant given the circumstances of the stop. The record shows that Appellant exited his vehicle just as the stop was being made, which caused the officer to directly approach Appellant and order him back into the vehicle. (Tr., p. 4.) It was at this point that the officer noticed the odor of alcohol, and he then began an investigation that led to the DUI charge. Once the DUI investigation began, the problem with the license plate light clearly became a secondary concern.
 {¶ 14} Based on the evidence presented at the suppression hearing, the trial court had sufficient evidence to support the conclusion that there was reasonable cause to initiate a traffic stop. Appellant's sole assignment of error is without merit, and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
Vukovich, J., concurs.