# IN THE COURT OF APPEALS OF OHIO

### SEVENTH APPELLATE DISTRICT
### CARROLL COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

TIMOTHY A. SKIDMORE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 CA 0962**

---

Criminal Appeal from the
Court of Common Pleas of Carroll County, Ohio
Case No. 2021 CR 06692

**BEFORE:**
Cheryl L. Waite, David A. D'Apolito, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Steven D. Barnett*, Carroll County Prosecutor and *Atty. Michael J. Roth*, Chief Assistant Prosecutor, 7 East Main Street, Carrollton, Ohio 44615, for Plaintiff-Appellee

*Atty. Aaron Kovalchik*, 116 Cleveland Avenue NW, Suite 808, Canton, Ohio 44702 , for Defendant-Appellant

Dated: September 28, 2023

_____

**WAITE, J.**

**{¶1}** Appellant Timothy A. Skidmore appeals a July 11, 2022 judgment entry of the Carroll County Court of Common Pleas convicting him of aggravated drug possession. Appellant argues the trial court erroneously determined that a discrepancy in the color of his car provided reasonable suspicion for an officer to initiate a traffic stop of his vehicle. For the reasons that follow, Appellant's argument is without merit and the judgment of the trial court is affirmed.

<u>Factual and Procedural History</u>

**{¶2}** On August 19, 2021, Deputy Micha Campbell initiated a traffic stop of a bright, cherry red vehicle after he ran the license plates and learned that they were registered to a grey vehicle. Appellant was driving the car. At a motion to suppress hearing, Dep. Campbell testified that he initiated the traffic stop for two reasons: one, the discrepancy in the vehicle color and, two, the vehicle abruptly turned into a gas station, only activating the turn signal twenty to thirty feet before the turn.

**{¶3}** The record reveals that when Dep. Campbell approached Appellant, the deputy did not mention the turn signal violation. He asked Appellant if the car had recently been painted because the plates were registered to a grey vehicle. It is difficult to hear Appellant's response, but he appears surprised that the car had been registered as grey. Appellant did not have registration paperwork nor proof of insurance, both of which could have assisted in resolving the issue at the time.

**{¶4}** During the stop, Dep. Campbell asked Appellant if he had anything illegal in the vehicle, specifically drugs or weapons. Appellant answered "no," prompting Dep.

<u>Case No. 22 CA 0962</u>

Campbell to ask "do you care if I check?" (Joint Exh. A, 5:40.) Appellant's response is inaudible but it is apparent he consented and exited the vehicle. Dep. Campbell then asked if he had any guns or knives on his person and asked if he could check. Appellant placed his hands in the air, consenting to a search of his person, as well.

{¶5} Inside the vehicle, Dep. Campbell located a large amount of methamphetamine and heroin, along with baggies and a scale. Dep. Campbell asked if anyone else drove the car, to which Appellant responded that his ex-girlfriend had the car for a year and he had just gotten it back from her. When Dep. Campbell informed Appellant he had discovered contraband Appellant denied any knowledge of the drugs.

{¶6} On September 8, 2021, Appellant was indicted on one count of aggravated possession of drugs, a felony of the second degree in violation of R.C. 2925.11(A); one count of possession of heroin, a felony of the fifth degree in violation of R.C. 2925.11(A); and one count of drug paraphernalia, a misdemeanor of the fourth degree in violation of R.C. 2925.14(C)(1).

{¶7} On May 18, 2022, Appellant filed a motion to suppress all evidence obtained from the search of his vehicle. After a hearing, the court denied the motion on the basis that the turn signal violation provided Dep. Campbell with a legitimate reason to initiate the traffic stop. The court did not reach the issue concerning the discrepancy in the color of the vehicle.

{¶8} On July 11, 2022, the parties entered into a Crim.R. 11 plea agreement. As a result of that agreement, Appellant pleaded no contest to an amended charge and the state agreed to dismiss counts two and three (possession of heroin and drug paraphernalia) and reduced count one (aggravated possession of drugs) from a felony of the second degree to a felony of the third degree. On the same date, the trial court

sentenced Appellant to three years of incarceration with credit for 124 days served. It is from this entry that Appellant timely appeals.

## ASSIGNMENT OF ERROR

THE TRIAL COUR [SIC] ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS.

{¶9} Appellant argues that Dep. Campbell lacked probable cause to initiate a traffic stop based solely on a discrepancy in the color of the vehicle. He also contends there is no evidence that he activated his turn signal less than 100 feet before turning, as there is no video evidence nor testimony that Dep. Campbell paced the distance.

{¶10} The state responds that the trial court, as the trier of facts, is the sole judge of credibility. The court believed Dep. Campbell's testimony that Appellant did not activate his turn signal until twenty or thirty feet before he made his turn into the gas station. The state notes that there is no requirement within R.C. 4511.39 that an officer pace the distance in any way. As to the color of the vehicle, the state cites a Twelfth District case which held that a discrepancy in the color of a vehicle is sufficient to create reasonable suspicion. The state explains that Dep. Campbell suspected that the license plate may be fictitious.

{¶11} A motion to suppress presents mixed issues of law and fact. *State v. Lake*, 151 Ohio App.3d 378, 2003-Ohio-332, 784 N.E.2d 162, ¶ 12 (7th Dist.), citing *State v. Jedd*, 146 Ohio App.3d 167, 171, 765 N.E.2d 880 (4th Dist.2001). If a trial court's findings of fact are supported by competent, credible evidence, an appellate court must accept them. *Id.* The court must then determine whether the trial court's decision met the applicable legal standard. *Id.*

Case No. 22 CA 0962

{¶12} Pursuant to the established law, "[a] traffic stop is constitutionally valid only if an officer has reasonable and articulable suspicion that a motorist has committed, is committing, or is about to commit a crime." *State v. Barnett*, 2018-Ohio-2486, 114 N.E.3d 773 (7th Dist.), ¶ 20, citing *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204; *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). "The propriety of an investigative stop by a police officer must be viewed in the light of the totality of the surrounding circumstances." *Barnett* at ¶ 20, quoting *State v. Freeman*, 64 Ohio St.2d 291, 414 N.E.2d 1044 (1980).

{¶13} While both the color of the vehicle and Appellant's failure to properly activate the turn signal are both addressed on appeal, the court's decision to deny the motion to suppress appears to be based solely on the turn signal violation.

{¶14} "An officer's observation that a vehicle failed to properly use a turn signal constitutes both reasonable suspicion and probable cause to justify a traffic stop." *State v. Gay*, 7th Dist. Mahoning No. 20 MA 0085, 2021-Ohio-3308, ¶ 12, citing *State v. Ward*, 7th Dist. Columbiana No. 10 CO 28, 2011-Ohio-3183; *State v. McComb*, 2d Dist. Montgomery No. 21963, 2008-Ohio-425; *State v. Steen*, 9th Dist. Summit No. 21871, 2004-Ohio-2369.

{¶15} At the suppression hearing, Dep. Campbell testified that he began to follow the vehicle because it caught his eye due to the unusual condition of the vehicle considering its age and because he did not recognize the vehicle in the area, which he frequently patrols. He followed the vehicle for over a mile before Appellant abruptly "put his brakes on real hard, turns his right turn signal on and whipped in the, into Rocky's [gas station] quickly." (Suppression Hrg. Tr., p. 9.) He explained that he "could have pulled [Appellant] over for the, the color discrepancy um…but I like to have more than

one reason for probable cause to pull a vehicle over." (Suppression Hrg. Tr., p. 16.) He clarified at hearing that he initiated the stop for both the turn signal violation and the color discrepancy. On cross, defense counsel did not specifically question Dep. Campbell on how he determined that the turn signal was activated only twenty to thirty feet before the turn. However, Dep. Campbell did testify that Appellant activated his signal in front of a Dairy Queen, which is located next to the gas station. (Suppression Hrg. Tr., p. 9.) Thus, it appears that Dep. Campbell did provide some testimony intended to show how far away Appellant was from the turn before the signal was activated. Ohio has a plethora of established caselaw holding that a turn signal violation forms a sufficient basis for a traffic stop. See *Gay, supra; Ward, supra*.

{¶16} Although the turn signal violation, alone, was sufficient for the deputy to have initiated the stop, Dep. Campbell also testified he based the stop on the color discrepancy of the vehicle. When he entered the license plate number into his system, it showed the plates were registered to a grey vehicle. While Dep. Campbell testified that the vehicle appeared as if it could have been recently painted to its current color, bright cherry red, Appellant never produced an insurance card or registration for the vehicle.

{¶17} Although the state asserts there is a conflict among districts on this issue, that conflict was resolved by the Ohio Supreme Court three and one-half years ago in *State v. Hawkins*, 158 Ohio St.3d 94, 2019-Ohio-4210, 140 N.E.3d 577. The *Hawkins* Court held: "[t]he facts that the color discrepancy itself is not a crime and that there may be an innocent explanation for the discrepancy do not mean that the discrepancy may be disregarded in determining whether [the officer] had reasonable suspicion." *Id.* at ¶ 23. So long as the officer is able to show that, based on "specialized training and familiarity with the customs of the area's inhabitants" there is reasonable suspicion of crime, a color

discrepancy forms a sufficient basis on which to initiate a traffic stop. *Id.* "An officer is 'entitled to make an assessment of the situation in light of his specialized training and familiarity with the customs of the area's inhabitants.' " *Id.*, citing *United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002).

**{¶18}** Citing *Hawkins,* two other appellate districts have recognized that a color discrepancy between a vehicle's registration based on the plates and the actual color of the car may be sufficient to allow a police officer to initiate a traffic stop and investigate if the totality of the circumstances provide the officer with reasonable suspicion to believe a crime may have been committed. *See State v. Whitehead*, 4th Dist. Scioto No. 20CA3931, 2022-Ohio-479; *State v. Harris*, 3rd Dist. Allen No. 1-21-30, 2021-Ohio-4559.

**{¶19}** Here, Dep. Campbell additionally testified that vehicles of that age normally are not in the good condition that Appellant's car appeared. He also did not recognize the vehicle in the area, which he regularly patrols. While Dep. Campbell did not provide explicit reasoning for his concern, it can be gleaned from his testimony that he suspected possible theft or fictitious license plates regarding the vehicle. Based on this record, Appellant's sole assignment of error is without merit and is overruled.

Conclusion

**{¶20}** Appellant argues that the trial court erroneously determined that a discrepancy in the color of his car provided reasonable suspicion for an officer to initiate a traffic stop of his vehicle. For the reasons provided, Appellant's argument is without merit and the judgment of the trial court is affirmed.

D'Apolito, P.J., concurs.

Hanni, J., concurs.

Case No. 22 CA 0962

_____

For the reasons stated in the Opinion rendered herein, Appellant's assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Carroll County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**