OPINION
{¶ 1} Appellant appeals his conviction and sentence entered by the Stark County Court of Common Pleas as to one count of trafficking in marijuana and one count of possession of marijuana.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} Detective Eric Stanbro of the vice unit of the Canton Police Department received information as to drug activity taking place at 640 Prospect Avenue. Based on such information, surveillance was conducted for several weeks at that location which revealed a lot of people coming and going, staying for short periods of time. Appellant was also observed leaving the residence numerous times with bags such as backpacks and duffle bags. Searches of the trash also revealed marijuana seeds and stems.
 {¶ 4} On the weight of such surveillance, two search warrants were issued by Judge Stephen Belden of the Canton Municipal Court related to suspected drug activity involving Appellant and being conducted at 640 Prospect Avenue, S.W., Canton, Stark County, Ohio. Said warrants were to be executed on October 22, 2002.
 {¶ 5} The language from the first warrant was as follows:
 {¶ 6} "The residence known as 640 Prospect Ave., S.W., Canton, Stark County, Ohio. A white, sided, two-story, single family house with a front door facing west and a rear door facing east. To include all vehicles and outbuilding on the premises."
 {¶ 7} The second warrant contained the following language:
 {¶ 8} "Ernest Swogger, residents, occupants, visitors to the residence known as 640 Prospect Ave., S.W., Canton, Stark County, Ohio. A white, sided, two-story, single family house with a front door facing west and a rear door facing east. To include all vehicles and outbuilding on the premises."
 {¶ 9} Upon arrival at the premises and briefing the SWAT team as to the execution of the warrants, Det. Stanbro witnessed Appellant leave the house with another man and drive away in a vehicle parked in front of the premises which Det. Stanbro had seen Appellant drive on numerous occasions. Appellant also carried a bag out of the house which he took with him.
 {¶ 10} Det. Stanbro and his partner were in an unmarked car at the time and believed that it would be safer to have a marked cruiser stop Appellant so they followed Appellant and radioed for a marked police car with equipped with lights and sirens to effectuate the stop.
 {¶ 11} While following Appellant, the police officers saw him stuff something inside his pants.
 {¶ 12} Appellant was stopped approximately two miles from the Prospect Street residence. He had made no stops from the time he left the residence. While searching Appellant, a child's backpack was observed on the front seat. Appellant informed the police that "there is weed in that bag, about a pound."
 {¶ 13} Appellant was arrested.
 {¶ 14} The police returned to the Prospect Avenue residence and finished executing the search warrant wherein they found more marijuana, a bong and a shotgun.
 {¶ 15} On or about November 1, 2002, Appellant was indicted on one count of trafficking in marijuana, in violation of R.C. §2925.03(A)(2)(C)(3)(C) and one count of possession of marijuana, in violation of R.C. § 2925.11(A)(C)(3)(C).
 {¶ 16} On November 22, 2002, Appellant was arraigned and entered a plea of not guilty to the charges contained in the indictment.
 {¶ 17} On December 18, 2002, Appellant filed a Motion to Suppress.
 {¶ 18} On January 6, 2003, an oral hearing was held on Appellant's Motion to Suppress.
 {¶ 19} On February 27, 2003, via Judgment Entry, the trial court denied Appellant's Motion to Suppress.
 {¶ 20} On March 3, 2003, Appellant changed his plea to "no contest". The trial court found Appellant guilty as to each of the charges in the indictment and sentenced Appellant to an agreed upon sentence of eight months. Said sentence was stayed pending appeal.
 {¶ 21} Appellant assigns the following sole error for review:
 ASSIGNMENT OF ERROR {¶ 22} "I. Where the evidence establishes that the search of the premises was conducted pursuant to a search warrant and the appellant is stopped and searched miles away from those premises, the appellant is denined [sic] due process and a fair trial by the trial court's overruling his motion to supress [sic] the evidence in violation of thefourteenth amendment of the united states constitution, article 1, section 10 of the ohio constitution and article 1, section 14 of the Ohio constitution."
 I. {¶ 23} In his sole assignment of error, Appellant claims that the trial court erred in denying his motion to suppress. We disagree.
 {¶ 24} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning
(1982), 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v.Curry (1994), 95 Ohio App.3d 93, 641 N.E.2d 1172; State v. Claytor
(1993), 85 Ohio App.3d 623, 620 N.E.2d 906; Guysinger, supra. As the United States Supreme Court held in Ornelas v. U.S. (1996), 517 U.S. 690,699, 116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 25} Specifically, Appellant argues that the trial court erred in holding that the police were authorized under the search warrants to stop him approximately two miles from the Prospect Avenue residence.
 {¶ 26} The trial court held that the officers were permitted some logical extensions to detain and/or search individuals who are not on the premises even when search warrants are issued for the search of a premises only. (Feb. 27, 2003, Judgment Entry at 5).
 {¶ 27} Upon review, we agree with the trial court. The search warrants included "all vehicles . . . on or about the premises" and specifically named "Ernie Swogger, residents, . . .". Because the police officers were not in a marked car, they were unable to safely stop Appellant immediately when he began to drive away in the vehicle after exiting the subject premises. However, they called for assistance without delay and in fact were able to stop Appellant within two miles of his departure, probably in just a matter of minutes.
 {¶ 28} Based on the foregoing, we find that the trial court did not err in denying Appellant's motion to suppress.
 {¶ 29} The decision of the Stark County Court of Common Pleas is affirmed.
Wise, P.J. and Edwards, J., concur.