[Cite as *State v. Prado*, 2017-Ohio-527.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 15 MA 0009 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| MICHELLE PRADO | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from the Court of
                             Common Pleas of Mahoning County,
                             Ohio
                             Case No. 12 CR 872

JUDGMENT:                    Affirmed.

APPEARANCES:

For Plaintiff-Appellee:      Atty. Paul J. Gains
                             Mahoning County Prosecutor
                             Atty. Ralph M. Rivera
                             Assistant Prosecuting Attorney
                             21 West Boardman Street, 6th Floor
                             Youngstown, Ohio  44503

For Defendant-Appellant:     Atty. Louis M. DeFabio
                             4822 Market St., Suite 220
                             Boardman, Ohio  44512

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                             Dated:  February 9, 2017

WAITE, J.

**{¶1}** Appellant Michelle Prado appeals the Mahoning County Common Plea Court's June 24, 2014 decision to deny her motion to suppress. Appellant argues that the trial court erroneously applied *State v. Torres,* 3d Dist. No. 13-04-11, 2005-Ohio-674 instead of *U.S. v. Bailey,* 133 S.Ct. 1031, 185 L.Ed.2d 19 (2013). Based on *Bailey,* Appellant argues that a search of her vehicle one mile from her home was improper, thus any evidence seized in the search should have been suppressed. For the reasons provided, Appellant's argument is without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

**{¶2}** Two confidential informants told Detective Michael Dado ("Det. Dado") of the Boardman Police Department that Appellant was selling ecstasy and prescription drugs from her apartment. One of the informants told Det. Dado that Appellant also delivered drugs in her car. As part of his investigation, Det. Dado performed an Ohio Law Enforcement Gateway ("OLEG") search. Through this search, Det. Dado confirmed Appellant's address, registration of a 2006 silver Dodge Charger, and her license plate number. Det. Dado also observed Appellant driving a silver Dodge Charger with the same license plate number. As part of his investgation, Det. Dado conducted a controlled buy where one of his informants purchased ecstasy from Appellant at her apartment.

**{¶3}** Consequently, Det. Dado obtained a search warrant for Appellant's apartment and "all vehicles present that are associated with the residence." (6/20/12 Search Warrant.) On June 21, 2012, Det. Dado arrived at Appellant's residence and

waited to confirm that both she and the vehicle were present before calling the team to assist in the execution of the warrant. When Det. Dado observed Appellant pull into the driveway in a silver Dodge Charger, he alerted the team. Shortly thereafter, Det. Dado watched Appellant and two females enter the vehicle and drive away. Det. Dado did not attempt to stop the vehicle because he was in an unmarked car. Det. Glenn Patton, who was preparing to assist in the execution of the warrant, saw Appellant's vehicle and followed her. Det. Patton could not immediately stop the vehicle because a van was behind Appellant's car and oncoming traffic prevented him from passing the van. Appellant began to speed once traffic cleared and Det. Patton estimated that he was traveling between 55-60 mph in a 45 mph zone as he followed Appellant. Less than a mile from the residence, Det. Patton was able to pass the van and activate his emergency lights and siren. Det. Patton saw Appellant look at him through the rearview mirror but she did not immediately pull over.

{¶4} When Appellant finally pulled over, Det. Dado arrived. Det. Patton handcuffed and placed Appellant in the backseat of his cruiser. The other two females, a fourteen-year-old girl and her mother, were also removed from the vehicle. Det. Dado read Appellant her Miranda rights and asked her whether the vehicle contained contraband. She initially refused to answer but eventually admitted that there was ecstasy in the center console. In the vehicle, Det. Prado found: 157 ecstasy tablets, 8 80mg Opana pills, and cash. During this time, the rest of the search warrant team searched Appellant's apartment and located a digital scale and

marijuana. However, the charges on which Appellant was indicted stem solely from the search of her vehicle.

{¶5}  On September 6, 2012, a Mahoning County Grand Jury indicted Appellant on one count of possession of drugs, a felony of the third degree in violation of R.C. 2925.11(A), (C)(1)(b), and one count of trafficking in drugs, a felony of the first degree in violation of R.C. 2925.03(A)(2), (C)(1)(d). Pursuant to R.C. 2981, a forfeiture specification was attached to the indictment seeking $255 and a television set.

{¶6}  On September 8, 2013, Appellant filed a motion to suppress the evidence seized from the vehicle based on an argument that the vehicle was not present at her residence when searched. On June 5, 2014, the trial court held a hearing where Det. Dado, Det. Patton, and Sgt. Michael Hughes testified. On June 24, 2014, the trial court denied Appellant's motion. On October 27, 2014, Appellant entered a no contest plea. On December 22, 2014, Appellant was sentenced to one year of incarceration on count one (possession of drugs) and three years of incarceration on count two (trafficking in drugs), with credit for 80 days served. The sentences were ordered to run concurrently. Appellant's license was also suspended for two years and she was ordered to pay a $10,000 fine stemming from the possession charge. This timely appeal followed.

## ASSIGNMENT OF ERROR

The trial court erred in overruling Appellant's Motion To Suppress as the search of Appellant's vehicle was strictly prohibited by the holding of

the United States Supreme Court in *Bailey v. United States*, 133 S.Ct. 1031 (2013). As a result, the Appellant's convictions must be reversed.

{¶7} A motion to suppress presents mixed issues of law and fact. *State v. Lake,* 7th Dist. No. 209, 2003-Ohio-332, ¶ 12, *State v. Jedd,* 146 Ohio App.3d 167, 171, 765 N.E.2d 880 (4th Dist.2001). If a trial court's findings of fact are supported by competent credible evidence, an appellate court must accept them. *Id.* The court must then determine whether the trial court's decision met the applicable legal standard. *Id.*

{¶8} Although Appellant raises one assignment of error, she presents within it three different arguments. First, Appellant contends that the trial court applied the wrong legal standard when ruling on her motion to suppress the evidence. Second, Appellant argues that Det. Dado failed to provide sufficient probable cause to connect her vehicle to any alleged wrongdoing in his affidavit. Third, and finally, Appellant argues that Det. Dado could not reasonably rely on the warrant in searching the car as the warrant specifically authorized the search of any vehicle *present* at the premises.

{¶9} In response, the state contends that Appellant waived all arguments concerning the validity of the warrant as she failed to challenge the warrant at the suppression hearing. Regardless, the state argues that *Bailey* does not apply, here, as the search warrant in this case referred to Appellant's car. The state emphasized that Det. Dado verified the confidential informant's tip that Appellant owned a 2006 silver Dodge Charger and observed Appellant driving the car.

{¶10} The Fourth Amendment to the United States Constitution states:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

{¶11} Section 14, Article I of the Ohio Constitution states:

The right of the people to be secure in their persons, houses, papers, and possessions, against unreasonable searches and seizures shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the person and things to be seized.

{¶12} A search must be supported by a warrant or be based on a recognized exception to the warrant requirement. *State v. Ambrosini,* 7th Dist. Nos. 14 MA 155, 14 MA 156, 2015-Ohio-4150, ¶ 8, citing *Katz v. U.S.,* 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). In Ohio, there are seven recognized exceptions to the warrant requirement: (1) a search incident to a lawful arrest, (2) consent, (3) the stop-and-frisk doctrine, (4) hot pursuit, (5) probable cause plus the presence of exigent circumstances, (6) the plain view doctrine, and (7) administrative searches. *State v. McGee,* 7th Dist. No. 12 MA 123, 2013-Ohio-4165, ¶ 17, citing *State v. Akron Airport Post No. 8975,* 19 Ohio St.3d 49, 51, 482 N.E.2d 606 (1985).

**{¶13}** Det. Dado and Det. Patton testified that Appellant's car was pulled over and searched based solely on the search warrant. Accordingly, we begin our analysis by determining whether the search of Appellant's vehicle was conducted pursuant to a valid warrant. The search warrant authorized a search of Appellant's residence and "all vehicles present that are associated with the residence." (6/20/12 Search Warrant.) Hence, the search of Appellant's car was authorized by a valid warrant if the car was "present and associated with the residence."

**{¶14}** The record clearly demonstrates that the car was associated with the residence. Det. Dado confirmed that Appellant drove a 2006 silver Dodge Charger through confidential informants' tips, an OLEG search, and by observing her drive the vehicle. The OLEG search revealed that the 2006 silver Dodge Charger was registered to Appellant at her address.

**{¶15}** The question becomes whether the car was "present" at the premises. Contrary to Appellant's argument, *Bailey* does not provide guidance in this situation. The search warrant in *Bailey* authorized a search of the defendant's apartment. Unlike the warrant in the instant case, it did not mention the search of a vehicle. *Id.* at 1036. Further, the police in *Bailey* did not search or otherwise find evidence within a vehicle. *Id.* Rather, the police in *Bailey* detained the defendant (in his vehicle) incident to the search of his apartment. *Id.* On appeal, the U.S. Supreme Court addressed the issue of whether the rationale in *Michigan v. Summers,* 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981) could be extended to justify a *detention* beyond the immediate vicinity of the premises being searched. (Emphasis added.)

(*Id.* at 1038)  That is clearly not the issue before us.  Consequently, the holdings and reasoning of *Bailey* and *Summers* are inapplicable, here.  For the same reasons, *Torres, supra,* and *U.S. v. Cochran,* 939 F.2d 337 (6th Cir.1991) are likewise inapplicable.

{¶16}  Research reveals only one case where a search warrant with language similar to that in the instant case was analyzed.  In a pre-*Bailey* case, the police obtained a warrant that allowed them to search the defendant's person, his residence, and "all vehicles ... on or about the premises." *State v. Swogger,* 5th Dist. No. 2003CA00144, 2004-Ohio-256, ¶ 27.   While the language regarding vehicles is similar to the language in the instant case, the *Swogger* warrant specifically permitted the police to search the defendant's person.  Thus, whether or not the police properly searched the defendant's car, they had permission to search him no matter where he was physically located at the time of the search.  As the warrant in the instant case did not authorize the police to search Appellant's person, *Swogger* provides only limited guidance.

{¶17} In the absence of caselaw to the contrary, and based on a logical reading of the language used in the warrant, we hold that the search warrant in this case authorized the search of Appellant's vehicle. The record clearly establishes that Det. Dado intended to search Appellant's vehicle.  He specifically waited until Appellant arrived in her car before calling in the search team, which in effect initiated the execution of the search warrant.  At that time, there is no question that the vehicle was present on the premises.  However, the car, which is obviously mobile, was

driven off before the execution team could arrive at the house. The police, acting as quickly as possible, pulled the car over a short distance from the premises. While we recognize that the U.S. Supreme Court rejected this rationale in *Bailey*, the issue in that case was whether an individual could be detained away from the premises to be searched and did not address search of a vehicle. The issue in this case is whether language allowing the search of a vehicle "present" at the premises allows police to pull a vehicle over a short distance after it leaves the premises while watching the vehicle at all times. *Bailey's* holding and rationale do not apply in this matter. The knowledge that when the search was instituted the vehicle was present, and that it was moved only a negligible distance away, does control. For purposes of the search allowed by the warrant, there is no logical difference between searching the vehicle in the driveway of Appellant's residence and searching it a negligible distance away especially since the car and driver were under surveillance the entire time.

**{¶18}** Finally, Appellant argues that the state cannot rely on the good faith exception to the exclusionary rule as the language in the search warrant clearly stated that it only applied to vehicles *present* on the premises. "Evidence that is obtained in violation of the Fourth Amendment will generally be prohibited from trial under the exclusionary rule." *State v. Telshaw*, 195 Ohio App.3d 596, 2011-Ohio-3373, 961 N.E.2d 223, ¶ 15 (7th Dist.). However, "[t]he good faith exception will apply if the officer obtained the evidence while acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate." *State v. McGee*, 2013-Ohio-4165, 996 N.E.2d 1048, ¶ 18 (7th Dist.), citing *State v. George*,

45 Ohio St.3d 325, 330, 544 N.E.2d 640 (1989). As we find that the search of Appellant's car was pursuant to a valid search warrant, this argument is moot.

{¶19} Finally, Appellant argues that even if the car was present and associated with the premises, Det. Dado failed to provide sufficient facts to connect the vehicle to any wrongdoing in his affidavit.

> In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant.

*State v. Jones,* 143 Ohio St.3d 266, 2015-Ohio-483, 37 N.E.3d 133, ¶ 14, citing *State v. George,* 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph two of the syllabus. When determining whether probable cause exists within a search warrant, a reviewing court must look to the totality of the circumstances. *Jones* at ¶ 15.

{¶20} While Det. Dado did not include the confidential informant's tip regarding Appellant's use of her vehicle to deliver contraband, he averred that based on his prior knowledge and training, he believed that contraband was located at Appellant's residence and in vehicles on the premises. (6/20/12 Search Warrant Aff., p. 1.) Det. Dado explained that those who engage in possession or trafficking drugs typically keep records and paraphernalia related to the possession and sale of narcotics readily accessible. (6/20/12 Search Warrant Aff., p. 2.) He stated that "readily accessible" typically means "on his/her person, in his/her residence, vehicle

or place of business." (6/20/12 Search Warrant Aff., p. 2.) While the affidavit could have been bolstered by a reference to the informant's tip, giving deference to the trial court, the affidavit did set forth sufficient evidence to find probable cause.

**{¶21}** Appellant's sole assignment of error is without merit and is overruled.

Conclusion

**{¶22}** Appellant contends that the trial court applied the improper legal standard and erroneously denied her motion to suppress evidence seized from her vehicle. Although the trial court erroneously applied *Torres* and *Cochran,* in the absence of caselaw to the contrary, the search warrant authorized the search of Appellant's vehicle. Accordingly, Appellant's argument is without merit and the judgment of the trial court is affirmed.

Donofrio, J., concurs; see concurring opinion.

DeGenaro, J., concurs in judgment only.

DONOFRIO, J. concurring.

**{¶23}** I concur with the opinion and judgment of the majority but write this concurring opinion to recognize the well-established automobile exception.

**{¶24}** The majority lists Ohio's seven recognized exceptions to the warrant requirement: (1) a search incident to a lawful arrest, (2) consent, (3) the stop-and-frisk doctrine, (4) hot pursuit, (5) probable cause plus the presence of exigent circumstances, (6) the plain view doctrine, and (7) administrative searches. *McGee*, 2013-Ohio-4165 at ¶ 17, citing *Akron Airport Post No. 8975*, 19 Ohio St.3d at 51.

**{¶25}** I write simply to explain how the automobile exception fits into that framework. Under the automobile exception, police may conduct a warrantless search of a vehicle if there is probable cause to believe that it contains contraband or other evidence of a crime and exigent circumstances necessitate a search or seizure. *State v. Feliciano*, 115 Ohio App.3d 646, 662–63, 685 N.E.2d 1307 (9th Dist.1996), citing *State v. Mills*, 62 Ohio St.3d 357, 367, 582 N.E.2d 972 (1992), citing *Chambers v. Maroney*, 399 U.S. 42, 51, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Carroll v. United States*, 267 U.S. 132, 155–156, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Thus "the concept of exigency underlies the automobile exception to the warrant requirement." *State v. Moore*, 90 Ohio St.3d 47, 52, 2000-Ohio-10, 734 N.E.2d 804. In particular, the mobility of automobiles "'creates circumstances of such exigency that, as a practical necessity, rigorous enforcement of the warrant requirement is impossible.'" *California v. Carney*, 471 U.S. 386, 391, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985), quoting *South Dakota v. Opperman*, 428 U.S. 364, 367, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); *Moore* at 52.

{¶26} Accordingly, the automobile exception is part of the probable-cause-plus-exigent-circumstances exception to the warrant requirement listed by the majority.