[Cite as *State v. Bradley*, 2019-Ohio-4698.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28320 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-3762 |
| | : | |
| WATSON F. BRADLEY, III | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of November, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

SEAN BRINKMAN, Atty. Reg. No. 0088253, 10 West Monument Avenue, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

**{¶ 1}** Defendant-appellant, Watson F. Bradley, III, appeals from his conviction in the Montgomery County Court of Common Pleas after he pled no contest to trafficking in cocaine, aggravated trafficking in fentanyl, and having weapons while under disability. In support of his appeal, Bradley challenges the trial court's decision denying his motion to suppress evidence and statements obtained following the execution of a search warrant at his residence. For the reasons outlined below, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

**{¶ 2}** On November 7, 2018, the Montgomery County Grand Jury returned a six-count indictment charging Bradley with trafficking in cocaine, possession of cocaine, aggravated trafficking in fentanyl, aggravated possession of fentanyl, aggravated possession of oxycodone, and having weapons while under disability. The charges arose after Detective Mistan Bailey of the Dayton Police Department obtained and executed a search warrant at Bradley's residence. While executing the search warrant, Det. Bailey and her fellow officers discovered various items of contraband, including several types of illegal drugs, drug paraphernalia, and a firearm. The officers also discovered some U.S. currency and four cell phones.

**{¶ 3}** Following his indictment, Bradley entered a not guilty plea to all the charges levied against him. Shortly thereafter, Bradley filed a motion to suppress. In his motion to suppress, Bradley argued that all of the evidence discovered inside his residence, as well as all of the statements he made to law enforcement following the search, should be suppressed because he was subjected to an unlawful search and seizure. On January

15, 2019, the trial court held a hearing on Bradley's motion. At the beginning of this hearing, the trial court noted that Bradley had since clarified that his motion to suppress challenged only: (1) the adequacy of the search warrant issued for his residence and the subsequent search warrant issued for his four cell phones; and (2) the knowing, intelligent, and voluntary nature of his *Miranda* waiver.

{¶ 4} Following this clarification, the State called Det. Bailey to testify. Det. Bailey testified that on March 22, 2018, she and ten other officers executed a search warrant at 2718 Wentworth Avenue in Dayton, Ohio. Det. Bailey testified that Bradley was the only occupant inside the residence at the time of the search. Det. Bailey testified that, after executing the search warrant, Bradley was placed under arrest for the items that were discovered in the residence. During her testimony, Det. Bailey did not specifically identify what items she and the other officers discovered in the residence when they executed the search warrant. Det. Bailey instead identified a certified copy of the search warrant, which included an inventory of the items that were seized from the residence following the search. The search warrant and accompanying inventory were both admitted into evidence as State's Exhibit I. The inventory lists items such as oxycodone pills, "meth", "crack", heroin, unidentified "pills" and "drugs," a P40 Kahr handgun, an empty magazine, an empty holster, plastic baggies with residue, a blender with residue, a digital scale, a grinder, $405 in cash recovered from the kitchen counter, $389 in cash recovered from Bradley's wallet located in a black bag, and a total of four cell phones. *See* State's Exhibit I.

{¶ 5} Following Bradley's arrest, Det. Bailey interrogated Bradley outside his residence. Det. Bailey testified that during the interrogation, she read Bradley his

*Miranda* rights from a "*Miranda* card" that was given to her by the prosecutor's office. The *Miranda* card was admitted into evidence as State's Exhibit II. Det. Bailey testified that after reading Bradley his *Miranda* rights, Bradley indicated that he understood each of his rights and agreed to speak to her without having an attorney present. Det. Bailey also testified that after interrogating Bradley, she obtained a search warrant for the four cell phones that were discovered at Bradley's residence. Det. Bailey identified a certified copy of the search warrant for the four cell phones, which was admitted as State's Exhibit III. No other evidence or witnesses were presented at the suppression hearing.

{¶ 6} Following the suppression hearing, Bradley submitted a post-hearing memorandum in support of his motion to suppress. Bradley's post-hearing memorandum specifically provided that "[h]is Motion to Suppress narrowly focuses on two search warrants. One of these pertained to his residence * * *, and the other one to his cell phone[s]." In the memorandum, Bradley argued that the affidavits submitted in support of the search warrants did not contain sufficient, particular facts justifying a finding of probable cause to authorize the searches in question. Bradley did not raise any further argument in support of the memorandum.

{¶ 7} On February 1, 2019, the trial court issued a written decision denying Bradley's motion to suppress. In denying the motion, the trial court carefully reviewed the supporting affidavits and held that the search warrants were made with sufficient particularity and were predicated on adequate probable cause. The trial court also held that, based on Det. Bailey's testimony, Bradley knowingly, intelligently, and voluntarily waived his *Miranda* rights during the custodial interrogation conducted outside of his residence. Therefore, based on these findings, the trial court overruled Bradley's motion

to suppress the evidence and statements that were obtained as a result of the search and seizure at issue.

{¶ 8} Shortly after the trial court issued its decision on Bradley's motion to suppress, Bradley entered into a negotiated plea agreement with the State. As part of this negotiated plea agreement, Bradley agreed to plead no contest to trafficking in cocaine, aggravated trafficking in fentanyl, and having weapons while under disability. In exchange for his no-contest plea, the State agreed to dismiss the remaining three charges against him and to jointly recommend an aggregate three-year prison sentence with 98 days of jail-time credit.

{¶ 9} Following a Crim.R. 11 plea colloquy, the trial court accepted Bradley's no-contest plea and found Bradley guilty of trafficking cocaine, aggravated trafficking in fentanyl, and having weapons while under disability. The trial court then immediately sentenced Bradley to the agreed upon three-year prison term with 98 days of jail-time credit. Bradley now appeals from his conviction, raising a single assignment of error for review.

## Assignment of Error

{¶ 10} Under his sole assignment of error, Bradley contends that the trial court erred in denying his motion to suppress. We disagree.

{¶ 11} "In ruling on a motion to suppress, the trial court 'assumes the role of the trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate the credibility of the witnesses.' " *State v. Prater*, 2012-Ohio-5105, 984 N.E.2d 36, ¶ 7 (2d Dist.), quoting *State v. Retherford*, 93 Ohio App.3d 586, 592, 639 N.E.2d 498 (2d

Dist.1994). "As a result, when we review suppression decisions, 'we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard.' " *Id.*, quoting *Retherford* at 592.

{¶ 12} In his single assignment of error, Bradley does not challenge the trial court's finding that the search warrants for his residence and cell phones were supported by probable cause and properly issued. Nor does Bradley challenge the trial court's finding that he knowingly, intelligently, and voluntarily waived his *Miranda* rights. Instead, Bradley claims that his motion to suppress should have been granted because there was no evidence presented at the suppression hearing to establish that Det. Bailey and the other officers had probable cause to effectuate his arrest. Specifically, Bradley claims that there was no testimony identifying the items of contraband that led to his arrest. Therefore, according to Bradley, his arrest constituted an illegal seizure in violation of the Fourth Amendment that warranted suppression of any evidence seized as a result of the arrest. Bradley's argument fails for multiple reasons.

{¶ 13} First, the issue of whether the officers had probable cause to effectuate Bradley's arrest has been waived for appeal since that issue was not raised before the trial court. *See State v. McKee,* 2d Dist. Montgomery No. 22565, 2008-Ohio-5464, ¶ 19 and *State v. Carter*, 2d Dist. Montgomery No. 21999, 2008-Ohio-2588, ¶ 20 (holding that a defendant's failure to argue certain suppression issues in the court below forfeits a defendant's ability to raise those issues later in an appeal); *State v. Linehan*, 2d Dist. Montgomery No. 16841, 1998 WL 905347, *4 (Sept. 4, 1998), citing *State v. Williams*, 51

Ohio St.2d 112, 364 N.E.2d 1364 (1977), paragraph one of the syllabus ("It is axiomatic that a litigant's failure to raise an issue in the trial court waives his right to raise that issue on appeal."). As previously noted, the record indicates that Bradley raised two discreet issues concerning his motion to suppress: (1) the adequacy of the search warrants issued for his residence and cell phones; and (2) the knowing, intelligent, and voluntary nature of his *Miranda* waiver. The trial court ruled on these issues and Bradley has not challenged either of those rulings in this appeal. Instead, Bradley only challenges the constitutionality of his arrest by arguing that there was no evidence establishing that the officers had probable cause to arrest him following the search of his residence. Therefore, because Bradley never raised this argument in the court below, he has forfeited his ability to raise it on appeal.

{¶ 14} Regardless, even if Bradley's argument had not been waived for appeal, there is sufficient evidence in the record indicating that the officers had probable cause to arrest Bradley based on the items of contraband discovered in his residence. Although Det. Bailey did not identify the items of contraband when she testified at the suppression hearing, Det. Bailey did testify that the items discovered in the residence were the basis for Bradley's arrest. Det. Bailey also identified a copy of the certified search warrant that she authored for Bradley's residence (State's Exhibit I), which included an inventory of all the items that she and her fellow officers seized following the search. This inventory lists various items of contraband, including several types of illegal drugs, drug paraphernalia, and a firearm.

{¶ 15} Det. Bailey also identified a certified copy of the search warrant that she authored for Bradley's four cell phones (State's Exhibit III), which included a supporting

affidavit that stated "during the search of [Bradley's] residence, methamphetamine, heroin, cocaine, U.S. currency, a digital scale, a Kahr 40 caliber handgun, and four cellular phones were recovered." Therefore, because the record indicates that the aforementioned contraband was found in Bradley's residence and that Bradley was the only occupant inside the residence at the time of the search, Bradley's contention that there was no evidence establishing that his arrest was supported by probable cause is belied by the record.

{¶ 16} Although not specifically raised by Bradley, we further note that Bradley's seizure during the execution of the search warrant was also constitutionally permissible. The United States Supreme Court has explained that "[f]or Fourth Amendment purposes, a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." *Michigan v. Summers*, 452 U.S. 692, 705, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981), syllabus. Therefore, Det. Bailey and her fellow officers were authorized to detain Bradley during the lawful search of his residence without running afoul of Bradley's Fourth Amendment rights. *See id.*; *State v. Taylor*, 82 Ohio App.3d 434, 444, 612 N.E.2d 728 (2d Dist.1992).

{¶ 17} For the foregoing reasons, Bradley's assignment of error is overruled.

## Conclusion

{¶ 18} Having overruled Bradley's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Sean Brinkman
Hon. Mary Lynn Wiseman