[Cite as *State v. Tye*, 2025-Ohio-587.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-02-021 |
| | : | O P I N I O N |
| - vs - | | 2/24/2025 |
| | : | |
| HARRY M. TYE, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. CRB2303608


Colin P. Cochran, for appellant.


**PIPER, J.**

{¶ 1}   Appellant, Harry M. Tye, appeals his conviction in the Hamilton Municipal Court for one count of first-degree misdemeanor violating a protection order in violation of R.C. 2919.27(A).  For the reasons outlined below, we hereby reverse Tye's conviction and remand this matter to the trial court for further proceedings.

{¶ 2}   On January 3, 2024, Tye appeared before the trial court with counsel for a change of plea hearing on the above-named first-degree misdemeanor offense.  During this hearing, the following exchange between the Tye and the trial court occurred:

THE COURT: [By pleading guilty, y]ou could go to jail for 180 days. Do you understand that?

THE DEFENDANT: Uh-huh. Yes, sir.

THE COURT: If you plead guilty, that means you're admitting the facts. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: I'm going to make a finding of guilty. I'm going to go ahead with sentencing.

The trial court then immediately proceeded to sentencing where it sentenced Tye to 180 days in jail, with 175 of those days suspended, less five days of jail-time credit, and placed Tye on two years of community control. The trial court also ordered Tye to pay a $200 fine plus court costs.

{¶ 3} On February 12, 2024, Tye filed a notice of appeal. Following briefing, and several months after this court found Tye's appeal was not wholly frivolous pursuant to *Anders v. California*, 386 U.S. 738 (1967), Tye's appeal was submitted to this court for consideration on February 5, 2025.[1] Tye's appeal now properly before this court for decision, Tye has raised the following single assignment of error for review.

{¶ 4} TYE'S GUILTY PLEA WAS NOT VALIDLY ENTERED AND ACCEPTED AND MUST BE VACATED.

{¶ 5} In his single assignment of error, Tye argues the trial court erred by finding him guilty when the record does not reflect that he ever entered a guilty plea into the

---

1. Although previously expressing our disappointment to the state when it unexplainedly failed to file an appellee brief, *see State v. Clemmons*, 2020-Ohio-5394, ¶ 12, fn. 2 (12th Dist.), the state has once again failed to file an appellee brief without explanation in this case. Pursuant to App.R. 18(C), when the state fails to file an appellee brief, such as the case here, "in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." Whether to accept the appellant's statement of facts and issues as correct under these circumstances is within this court's sound discretion. *State v. Ramey*, 2024-Ohio-5635, ¶ 9, fn. 2 (12th Dist.). Therefore, as this court has done previously, we will exercise our discretion as provided to us by App.R. 18(C) and accept Tye's statement of facts and issues as alleged in his appellant brief in determining this appeal.

record. We agree.

**{¶ 6}** A trial court cannot find a defendant guilty and proceed to sentencing in circumstances where the defendant never actually entered his guilty plea into the record. *Cleveland v. Chappell*, 2017-Ohio-4070, ¶ 14 (8th Dist.) ("a court may not convict and sentence a defendant where no plea has been entered upon the record"). "This holds true even where, as here, the record indicates the defendant had the clear intention of entering such a plea prior to the trial court making its guilt finding." *State v. Muhire*, 2023-Ohio-1181, ¶ 10 (12th Dist.).

**{¶ 7}** The record in this case clearly demonstrates that Tye never entered a guilty plea into the record prior to the trial court making its decision finding Tye guilty. This is problematic because, without Tye ever actually entering a guilty plea into the record, there was no guilty plea for the trial court to accept and no basis for the trial court's judgment of conviction. *See, e.g., State v. Keltner*, 2024-Ohio-2017, ¶ 8 (12th Dist.) (finding "there was no plea for the trial court to accept, and consequently no basis for the judgment of conviction," where appellant never tendered a guilty plea into the record, thereby necessitating the trial court's finding of guilt and subsequent sentence be reversed and vacated). Therefore, finding merit to Tye's argument raised herein, Tye's single assignment of error is sustained.

**{¶ 8}** Accordingly, having sustained Tye's single assignment of error, Tye's conviction is hereby reversed and this matter is remanded to the trial court for further proceedings.

**{¶ 9}** Judgment reversed and remanded.

HENDRICKSON, P.J., and M. POWELL, J., concur.

- 3 -