[Cite as *State v. Hallowell*, 2026-Ohio-1036.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## NOBLE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JORDAN HALLOWELL,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 NO 0530**

---

Criminal Appeal from the
Noble County Court, Noble County, Ohio
Case No. 25 CRB 90

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed in part. Reversed in part and Remanded.

---

*Atty. Jordan C. Croucher*, Noble County Prosecutor, and *Atty. Jamie A. Riley Pointer*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Holly M. Simpson*, for Defendant-Appellant.

Dated: March 25, 2026

**HANNI, J.**

{¶1} Defendant-Appellant, Jordan Hallowell, appeals a Noble County Court judgment sentencing him to 28 days in jail with 28 days suspended and two years of probation. Appellant entered a no contest plea to possession of drug paraphernalia, a fourth-degree misdemeanor. Appellant's sentence was stayed pending appeal.

{¶2} Appellant asserts that the trial court erroneously denied his motion to suppress evidence police found in his vehicle because his nervousness did not justify the search and he did not consent to the search. He further contends his counsel was ineffective for failing to challenge the vehicle search and failing to call him to testify to authenticate a transcript of a cell phone recording he took of a prior traffic stop. Appellant additionally asserts that the trial court erred by failing to inform him of the effects of entering a no contest plea.

{¶3} We affirm in part, reverse in part, vacate Appellant's plea and sentence, and remand Appellant's case to the trial court. We find no merit to Appellant's assertion of trial court error in denying his motion to suppress. Police possessed reasonable suspicion to initiate a traffic stop upon observing that Appellant's county sticker and digits on his license plate were partially illegible due to an attached trailer hitch. In addition, police observed that his vehicle lacked proper illumination of his license plate. The trial court also properly limited the suppression hearing to this issue as defense counsel agreed with the court's limitation in Appellant's presence.

{¶4} We also find no merit to Appellant's ineffective assistance of counsel claim. Appellant waived the right to appeal his lack of consent to the search of his truck because he raised it for the first time on appeal. In addition, Appellant listened to the prosecution recite the factual basis for his plea and he did not object or request to speak to counsel. He was also given the opportunity to speak at the hearing and did not. Further, counsel's failure to have Appellant testify to the authenticity of his cell phone recording appears reasonable trial strategy since Appellant may have incriminated himself on the stand.

{¶5} However, we find that the trial court failed to inform Appellant of the effects of his no contest plea. The record also shows Appellant did not expressly tender his no contest plea on the record. This constitutes prejudicial error and requires us to vacate his conviction and sentence.

Case No. 25 NO 0530

{¶6}   On June 10, 2025, Appellant was charged in Noble County Court with illegal possession of drug paraphernalia in violation of R.C. 2925.14, a fourth-degree misdemeanor.   He was also charged with minor misdemeanor improper display of his license plate in violation of R.C. 4503.21.

{¶7}   On July 21, 2025, Appellant filed a motion to suppress evidence found in his vehicle.   At the outset of the hearing, the trial court stated that defense counsel's motion to suppress challenged the probable cause to stop Appellant's truck.  (Supp. Hg. Tr. 3).   Defense counsel added, "[a]nd detained him."  (Supp. Hg. Tr. 3).   The following exchange occurred between the trial court and defense counsel:

> THE COURT:  The defendant contends that the law enforcement did not have probable cause to stop the defendant.  That's what I got here.  So therefore, it was a warrantless search by law.
>
> MR. BLAKESLEE [defense counsel]:  Just a second here.
>
> THE COURT:  Okay.
>
> MR. BLAKESLEE:  That's it.
>
> THE COURT:  So, probable cause to stop.  So, we don't need to worry about the search or anything else.  Just make sure we understand our parameter so we're not here all day.

(Supp. Hg. Tr. 3).

{¶8}   At the hearing, Deputy Cory Baker of the Noble County Sheriff's Office testified he stopped Appellant's truck on June 8, 2025 upon observing the license plate was partially blocked and not sufficiently illuminated.  (Supp. Hg. Tr. 5).   He testified when his vehicle was approximately thirty feet behind Appellant's truck, he observed a trailer hitch mounted to the rear bumper that blocked the county sticker and two digits on the license plate.  (Supp. Hg. Tr. 5-6, 8).   He further testified that when he stood about twenty feet from Appellant's vehicle, he observed insufficient light to illuminate the license plate.  (Supp. Hg. Tr. 8).   He took photographs, which the prosecution admitted into evidence.  (Supp. Hg. Tr. 8-9).

Case No. 25 NO 0530

{¶9}  Deputy Baker further testified that when he approached Appellant's vehicle and spoke to Appellant, he acted a "little nervous."  (Supp. Hg. Tr. 7).  The court interrupted and redirected this testimony.  (Supp. Hg. Tr. 7).

{¶10}  On cross-examination, Appellant's counsel asked Deputy Baker if he had followed Appellant's vehicle from a gas station.  (Supp. Hg. Tr. 13).  Deputy Baker did not recall.  (Supp. Hg. Tr. 13).  He testified he did not observe Appellant violate any traffic laws or weave within lanes.  (Supp. Hg. Tr. 17).  He called in the license plate information to obtain the identity of the driver.  (Supp. Hg. Tr. 19).

{¶11}  Deputy Baker further testified that when he asked Appellant for his driver's license, registration and insurance, Appellant did not fumble to obtain it.  (Supp. Hg. Tr. 20).  He admitted he knew Appellant because he stopped him twice before, including a month prior when he warned Appellant of the hitch obstruction.  (Supp. Hg. Tr. 21).  He explained he did not issue Appellant a citation at that time because Appellant stated the vehicle was owned by his grandfather, but Appellant would remove the hitch.  (Supp. Hg. Tr. 21).  Deputy Baker also previously stopped Appellant for an expired registration.  (Supp. Hg. Tr. 22).

{¶12}  During recross-examination, defense counsel reviewed with Deputy Baker a transcript generated from Appellant's cell phone recording of the prior stop and noted that it did not contain any statement from Appellant that he would remove the hitch.  (Supp. Hg. Tr. 26).  Deputy Baker stated he recalled this conversation because Appellant stopped recording after Deputy Baker informed him he found a substance in the truck that was presumptively positive for fentanyl.  (Supp. Hg. Tr. 26).

{¶13}  The prosecution objected and the court asked defense counsel if the cell phone recording transcript was notarized.  (Supp. Hg. Tr. 26).  Counsel responded that it was an artificial intelligence generated transcript of Appellant's cell phone recording at the July traffic stop.  (Supp. Hg. Tr. 27).  The court ruled the transcript would not be admitted into evidence without testimony as to its accuracy, but allowed counsel to continue cross-examination.  (Supp. Hg. Tr. 27).

{¶14}  At the close of the hearing, the trial court allowed counsel the opportunity to submit briefs on caselaw relevant to obstruction of a license plate by a trailer hitch

mounted on a bumper and the ability to read a license plate at 20 and 50 feet. (Supp. Hg. Tr. 29-30). The parties submitted briefs.

{¶15} On September 3, 2025, the trial court denied Appellant's motion to suppress. The court found Deputy Baker lacked probable cause to stop Appellant based on the partial obstruction of the license plate. The court explained that in rural areas like Noble County, many vehicles have hitches that partially obstruct license plates. The court held that if police could stop every vehicle with such obstructions, many innocent citizens would be pulled over and subjected to vehicle searches. The trial court further supported its finding by Deputy Baker's testimony he had pulled over Appellant twice before and he had not cited Appellant.

{¶16} However, the court found the insufficient illumination of Appellant's license plate a valid reason for stopping Appellant's vehicle. The court cited R.C. 4513.05(A), which required illumination of the license plate, and our decision in *State v. Strawder*, 2004-Ohio-6813, ¶ 12-14 (7th Dist.) finding probable cause for such a traffic stop. The court concluded probable cause existed to stop Appellant's vehicle and it denied Appellant's motion to suppress.

{¶17} On September 29, 2025, the trial court held a change of plea hearing and Appellant entered a no contest plea to the charge of possession of drug paraphernalia. The prosecution recited the factual basis for the plea. (Plea Hg. Tr. 3-4).

{¶18} The trial court noted that no probable cause existed for the stop based on the obstructed license plate. (Plea Hg. Tr. 5). However, the trial court explained that probable cause existed for the stop based on the uncharged violation of inadequate license plate illumination. (Plea Hg. Tr. 5). The court subsequently found Appellant guilty of the drug paraphernalia charge. (Plea Hg. Tr. 5).

{¶19} The court sentenced Appellant to 28 days in the Noble County Jail, with 28 days suspended and two years of probation. He was also assessed a fine of $200. The court stayed this sentence pending Appellant's appeal.

{¶20} Appellant asserts three assignments of error. In his first assignment of error, Appellant asserts:

**THE TRIAL COURT ERRED IN DENYING THE MOTION TO SUPPRESS WHEN THE ONLY REASON PRESENTED AT THE HEARING FOR**

SEARCHING DEFENDANT'S VEHICLE IS THAT HE WAS NERVOUS AND BECAUSE THERE WAS NOT TESTIMONY OR EVIDENCE PRESENTED ABOUT THE SEARCH OF THE VEHICLE OR WHAT WAS FOUND.

**{¶21}** Appellant asserts the trial court erred by denying his motion to suppress based on Deputy Baker's allegation that he observed Appellant was nervous when he stopped his vehicle. He contends nervousness alone does not justify a traffic stop. He also submits that little to no evidence was presented about his alleged consent to the search of his truck because the trial court interrupted Deputy Baker and terminated this testimony as he began testifying about these issues.

**{¶22}** Appellant notes Deputy Baker's testimony that he observed no moving violations and he stopped Appellant because of the trailer hitch obstruction. Appellant cites Deputy Baker's testimony that he did not observe Appellant fumble to obtain his license and registration after the stop and Deputy Baker was unable to tell if the truck had a license plate light on it until he turned off his own lights. He also highlights Deputy Baker's testimony that he had stopped Appellant before, once for the same trailer hitch complaint, and he did not issue a citation. Appellant contends no evidence was presented justifying a search of his vehicle.

**{¶23}** Our review of a trial court's ruling on a motion to suppress "presents a mixed question of law and fact." *State v. Chuppa*, 2025-Ohio-3117, ¶ 14 (11th Dist.), quoting *State v. Burnside*, 2003-Ohio-5372, ¶ 8. In reviewing a ruling on a motion to suppress, we must determine whether competent, credible evidence supports the trial court's findings. *State v. Williams*, 2024-Ohio-943, ¶ 43 (7th Dist.). This standard of review is appropriate as, "[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." *Id.*, quoting *State v. Venham*, 96 Ohio App.3d 649, 653 (4th Dist. 1994).

**{¶24}** An appellate court accepts the trial court's factual findings and relies upon its ability to assess witness credibility, but we independently determine, without deference to the trial court, whether the trial court applied the appropriate legal standard to the facts. *Williams* at ¶ 43, citing *State v. Rice*, 129 Ohio App.3d 91, 94 (7th Dist. 1998). We will

not disturb a trial court's decision on a motion to suppress when supported by substantial credible evidence. *Id.* Once we determine whether the record supports the trial court's factual findings, we then conduct a de novo review of the trial court's application of the law to those facts. *Chuppa* at ¶ 14, citing *State v. Eggleston,* 2015-Ohio-958, ¶ 18 (11th Dist.) (citations omitted).

**{¶25}** The Fourth Amendment to the United States Constitution and Section 14, Article 1 of the Ohio Constitution guarantee the right to be free from unconstitutional searches and seizures. The stopping of a vehicle by law enforcement and the detention of its occupants constitutes a "seizure" under these provisions. *Delaware v. Prouse*, 440 U.S. 648, 654 (1979) (citations omitted). For a police officer to initially stop a vehicle, he must have a reasonable and articulable suspicion that the driver is engaged in criminal activity or is operating the vehicle in violation of the law. *Id.* at 663.

**{¶26}** The Ohio Supreme Court holds the following about an investigatory stop:

Under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), a police officer who lacks probable cause to arrest may, consistent with the Fourth Amendment, make an investigatory stop, including a traffic stop, of a person if the officer has reasonable suspicion to believe that the person is or is about to be engaged in criminal activity. *See Navarette v. California*, 572 U.S. 393, 396, 134 S.Ct. 1683, 188 L.Ed.2d 680 (2014).

*State v. Tidwell*, 2021-Ohio-2072, ¶ 19.

**{¶27}** Reasonable suspicion is defined as "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." *Terry* at 21. Reasonable suspicion is a standard less demanding than one for probable cause in quantity and content, as well as reliability. *State v. Muldrow,* 2016-Ohio-4774, ¶ 24 (10th Dist.), citing *Alabama v. White*, 496 U.S. 325, 330 (1990).

**{¶28}** In determining whether an officer has reasonable suspicion for an investigatory stop and brief detention, we look at the content of the information that the police possessed at the time and its degree of reliability. *Tidwell* at ¶ 20, citing *White* at 330. These factors are considered in a totality of the circumstances analysis. *Id.* Other factors include the officer's training and experience and the factual inferences the officer may draw upon based on this experience. *Id.*, quoting *United States v. Arvizu*, 534 U.S.

266, 272 (2002). We view the totality of the circumstances "through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." *State v. Hairston*, 2019-Ohio-1622, ¶ 10, quoting *State v. Andrews*, 57 Ohio St.3d 86, 87-88 (1991).

**{¶29}** Here, Deputy Baker testified he was travelling behind Appellant's truck at night and he observed the truck did not appear to have a license plate light and a trailer hitch obstructed digits and the county sticker on the license plate. (Supp. Hg. Tr. 5). He testified he initiated a stop and requested Appellant's driver's license and registration. (Supp. Hg. Tr. 6-7).

**{¶30}** R.C. 4503.21(A)(1) provides that a vehicle owner or operator must exhibit a license plate in plain view that displays the license plate number and county identification sticker. R.C. 4503.21(A)(2) provides that the license plate "shall not be covered by any material that obstructs its visibility." In addition, R.C. 4513.05(A) requires every motor vehicle to have a white light illuminating the rear registration plate to render it legible from 50 feet.

**{¶31}** Contrary to Appellant's assertion, no consequence stems from Deputy Baker's prior traffic stops of his vehicle without issuing him citations. A police officer's motive in initiating a traffic stop is immaterial when probable cause exists for the stop and it is constitutionally valid. *Dayton v. Erickson*, 76 Ohio St.3d 3, 11 (1996).

**{¶32}** Appellant's assertions regarding his nervousness and consent, which he alleges resulted in Deputy Baker requesting permission to search his vehicle, were not advanced in Appellant's motion to suppress. At the suppression hearing, the trial court stopped Deputy Baker as he began to testify regarding Appellant's alleged nervousness and consent. The trial court stopped the testimony because it was outside the scope of the suppression hearing to which the parties agreed at the outset. Since the issue was not addressed in the initial suppression hearing or in the motion to suppress, we cannot consider the issue on appeal. *State v. Bradley*, 2019-Ohio-4698 (2d Dist.).

**{¶33}** For these reasons, we find that the trial court had competent, credible evidence for its factual findings and applied the proper legal standard in denying Appellant's motion to suppress. Deputy Baker had reasonable articulable suspicion to

initiate a stop of Appellant's vehicle. Further, we decline to address Appellant's assertions concerning his alleged nervousness and consent to search the vehicle.

{¶34} Accordingly, we find that Appellant's first assignment of error lacks merit and is overruled.

{¶35} In his second assignment of error, Appellant asserts:

**COUNSEL WAS INEFFECTIVE LEADING TO A VIOLATION OF HALLOWELL'S CONSTITUTIONAL RIGHTS**.

{¶36} Appellant contends his counsel was ineffective in agreeing to limit the suppression hearing to the issue of probable cause for the traffic stop when the motion to suppress asserted that both the traffic stop and the subsequent vehicle search were unconstitutional. Appellant submits counsel's agreement waived his strongest arguments to grant the motion to suppress because Deputy Baker testified Appellant was driving and acting "normally," and he provided only limited testimony about Appellant's nervousness. Appellant maintains this constitutes deficient performance of counsel and resulting prejudice.

{¶37} He further asserts his counsel failed to call him to the stand to authenticate the cell phone recording he took during his prior traffic stop by Deputy Baker. Appellant explains that his counsel had a transcript of the recording made and it shows he never told Deputy Baker he was going to have the trailer hitch removed, which would have impeached Deputy Baker's testimony. Appellant also notes during his counsel's argument about admitting this recording, counsel referred to Appellant as "Trevor," when his first name is Jordan. He asserts his counsel clearly lacks understanding of the rules of evidence.

{¶38} A claim of ineffective assistance of counsel requires a showing of both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If one prong of the *Strickland* test fails, the Court need not consider the other. *State v. Madrigal*, 2000-Ohio-448, ¶ 15. The defendant bears the burden of establishing the ineffective assistance of counsel. *Strickland* at 690.

{¶39} A properly licensed attorney in Ohio is presumed competent. *State v. Pettress,* 2019-Ohio-2692, ¶ 11 (7th Dist.). Our review of counsel's decisions is highly deferential because we afford a strong presumption that counsel's conduct fell within the

wide range of reasonable professional assistance. *Burt v. Titlow*, 571 U.S. 12, 23, quoting *Strickland* at 689. In order to conclude that counsel was ineffective, "the defendant must overcome the presumption that, under the circumstances, the allegedly ineffective action might be considered sound trial strategy." *Strickland* at 698.

**{¶40}** To show resulting prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

**{¶41}** This assignment of error lacks merit. It is true defense counsel agreed with the trial court that the suppression hearing should be limited to the issue of probable cause to initiate the traffic stop. However, this corresponds to the crux of Appellant's motion to suppress as it attacks probable cause to initiate the traffic stop. There is no mention of consent or nervousness in the motion.

**{¶42}** Without more information or support in the record regarding the issues of Appellant's alleged nervousness or consent, Appellant cannot sustain his claim of ineffective assistance of counsel as to this issue. It may have been counsel's tactical decision of counsel to focus on the traffic stop as perhaps it was the best argument or maybe consent was clearly given. Mere "speculation is insufficient to establish ineffective assistance." *State v. Short*, 2011-Ohio-3641, ¶ 119, quoting *State v. Perez*, 2009-Ohio-6179, ¶ 217 (citing *State v. Were*, 2008-Ohio-2762, ¶ 219 and *State v. Elmore*, 2006-Ohio-6207, ¶ 121).

**{¶43}** In addition, counsel appears to have used sound trial strategy in not having Appellant testify at the suppression hearing about the transcript of the cell phone recording. If Appellant testified, he would have been subject to cross-examination and he could have incriminated himself.

**{¶44}** Accordingly, we find that Appellant's second assignment of error lacks merit and is overruled.

**{¶45}** In his third assignment of error, Appellant contends:

**THE TRIAL COURT ERRED IN CONVICTING HALLOWELL OF POSSESSION OF DRUG PARAPHERNALIA WHEN HIS PLEA WAS NOT MADE KNOWINGLY, VOLUNTARILY OR INTELLIGENTLY.**

{¶46} Appellant contends Crim.R. 11(E) requires the court to inform him of the effect of a no contest plea, *i.e.*, that the plea is not an admission of guilt but is an admission to the facts alleged in the complaint and the plea could not be used against him in a subsequent civil suit. Appellant quotes the trial court's exchange with him at the plea hearing and contends the court informed him only of his right to a trial. He submits that even that notification was confusing since the court referred to having a trial only if the appellate court reversed and remanded his case.

{¶47} We find merit to Appellant's third assignment of error. The transcript of the plea hearing confirms Appellant did not expressly tender his no contest plea on the record and the trial court failed to inform him of the effect of entering a no contest plea.

{¶48} A defendant's plea must be made knowingly, intelligently, and voluntarily. *State v. Dangler*, 2020-Ohio-2765, ¶ 10. We conduct a de novo review of a no contest plea to a misdemeanor petty offense. *State v. Buffington*, 2025-Ohio-2575 (4th Dist.) (citations omitted). This means we give no deference to the trial court's decision. *Id.*

{¶49} Crim.R. 11 sets forth procedures a trial court must follow to accept a plea. This "ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made." *Dangler* at ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168 (1975). "A trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading." *State v. Jones,* 2007-Ohio-6093, ¶ 6.

{¶50} Appellant was charged with possession of drug paraphernalia, a violation of R.C. 2925.14(C)(1) a fourth-degree misdemeanor punishable by up to thirty days in jail. R.C. 2929.24(A)(4). This offense is a petty offense. Crim.R. 2(C), (D).

{¶51} While a trial court accepting a plea in a misdemeanor petty offense case need not engage in a lengthy examination of the defendant, the court must inform him of the effect of his no contest plea. Crim.R. 11(E); *see also Jones* at ¶ 51. Crim.R. 11(B)(2) sets forth the effect of a no contest plea:

> The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or

complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.

**{¶52}** The trial court here failed to provide any information to Appellant about his no contest plea either at the hearing or in writing. The transcript of the plea hearing establishes that the court did not orally inform Appellant of the effect of his no contest plea. The written plea form is also absent from the record. A trial court's failure to make any mention of the effect of a no contest plea to a petty misdemeanor offense often negates a burden on the defendant to establish prejudice. *State v. Buffington*, 2025-Ohio-2575 (4th Dist.), citing *Lakewood v. Hoctor*, 2023-Ohio-375, ¶ 7 (8th Dist.) (citations omitted).

**{¶53}** Here, the trial court began the plea hearing by explaining that the parties were present for a pretrial after its ruling on the motion to suppress. (Plea Hg. Tr. 2). The court asked Appellant's counsel his client's wishes, and defense counsel responded Appellant wished to enter a no contest plea and request a stay of sentencing pending appeal. (Plea Hg. Tr. 2).

**{¶54}** The trial court asked for sentencing recommendations and the prosecution complied. (Plea Hg. Tr. 2). The court asked defense counsel if "this" was being done to preserve Appellant's right to appeal the denial of his suppression motion. (Plea Hg. Tr. 3). Defense counsel affirmed. (Plea Hg. Tr. 3). The following is the exchange between the court and Appellant about his no contest plea:

> THE COURT: Okay. So, Mr. Hallowell, you understand that by pleading no contest today, you're waiving your right to have a trial on this matter at this time by Judge or jury if the Court of Appeals returns it, and says we didn't do something right, or it should - - if it should have been suppressed then they'll enter a dismissal of it. But, if for some reason they send it back to us, it could be later that you have a trial on this matter, but for the purposes of this hearing, you're waiving the right to have that done. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: I'm not going to go through the litany of the rest of it, Mr.

Blakeslee, since you're doing it for the purposes of appeal. So I'll accept the no contest plea and Madam Prosecutor, whenever you're ready.

(Plea Hg. Tr. 3).

**{¶55}** The prosecution then recited the facts of the case, indicating Deputy Baker observed that the trailer hitch on the back of Appellant's truck obstructed part of the license plate and the license plate was not sufficiently illuminated. (Plea Hg. Tr. 4). The prosecution continued that Deputy Baker initiated a stop of Appellant's vehicle and as he was gathering information, he observed Appellant had rapid, shallow breathing and his hands were shaking. (Plea Hg. Tr. 4). The prosecution related that as a result, Deputy Baker requested consent from Appellant to search the truck and Appellant consented. (Plea Hg. Tr. 4). The prosecution concluded that upon searching the truck, Deputy Baker located a pill bottle with a heavy amount of white, crystallized powder which was presumptively positive for methamphetamine. (Plea Hg. Tr. 4).

**{¶56}** The trial court found Appellant not guilty on the obstructed license plate violation. (Plea Hg. Tr. 5). However, the court found Appellant guilty of possessing drug paraphernalia. (Plea Hg. Tr. 5). The court asked Appellant if he wanted to make a statement and he declined. (Plea Hg. Tr. 5). The court sentenced Appellant and stayed the sentence pending appeal. (Plea Hg. Tr. 5-6).

**{¶57}** Appellee correctly points out that some Ohio appellate courts hold that a trial court is not required to inform a defendant of the effect of a no contest plea at the plea hearing if the court did so at the initial appearance or arraignment and journalized its entry. *See State v. Scott*, 2025-Ohio-1244, ¶ 27-28 (4th Dist.); *State v. Worthen*, 2025-Ohio-2293, ¶ 6-7 (3d Dist.) (effect of no contest plea is sufficiently stated from trial court's journal entry of initial appearance without a transcript because appellate court presumes regularity of proceedings in the courts below and the defendant did not challenge the journal entry.).

**{¶58}** Unlike its decision in *Scott*, the Fourth District in *Buffington*, 2025-Ohio-2575, did not discuss whether the trial court informed the defendant of his various pleas at his initial appearance or arraignment. The *Buffington* court held the trial court had no plea to accept and no basis for its conviction when the record failed to reflect that the court informed the defendant of the effect of his no contest plea and also failed to establish

Case No. 25 NO 0530

that the defendant expressly tendered his no contest plea. *Id*. The appellate court concluded that a prejudice analysis was not necessary, even for plain error, and it reversed the trial court's judgment.

**{¶59}** Significantly, this Court has found that a trial court's complete failure to inform a defendant of the effect of his no contest plea constitutes reversible error and does not require the defendant to show prejudice. *State v. Alberini*, 2024-Ohio-4817, ¶ 5 (7th Dist.). We held that a trial court must substantially comply with Crim.R. 11(E) in petty offense cases, which requires the court to inform the defendant of the effect of his no contest plea as stated in Crim.R. 11(B)(2). *Id.* at ¶ 4-5. We vacated the defendant's conviction and sentence in *Alberini*, withdrew his no contest plea, and reversed and remanded the case to the trial court. *Id*. at ¶ 7.

**{¶60}** In *State v. McBride*, 2025-Ohio-1439, ¶ 13 (7th Dist.), we acknowledged our holding in *Alberini* that a trial court must substantially comply in informing the defendant of the effect of the specific type of plea he is entering. We affirmed the trial court's judgment, however, because the defendant signed a waiver of rights upon pleading form, which recited Crim.R 11 (B)(2) nearly verbatim. *Id.* at ¶ 14. We held sufficient the trial court's indication at the plea hearing that it received the form in open court and it was signed by the defendant and his counsel. *Id*. We further noted that the trial court's entry into the record of the written form was valid. *Id*.

**{¶61}** Like *Alberini*, the trial court in the instant case completely failed to inform Appellant of the effect of his no contest plea at the plea hearing. Unlike *McBride*, the record before us does not contain a waiver of rights form or the plea agreement. Further, the record in this case lacks a transcript of the arraignment. The trial court's journal entry on arraignment did state it informed Appellant of his "possible pleas," which some courts hold sufficient. However, our caselaw does not acknowledge or render such a holding. We therefore vacate Appellant's conviction and sentence, withdraw his plea, and reverse and remand this case to the trial court.

**{¶62}** Even more problematic in this case, Appellant did not expressly state his no contest plea on the record. The transcript shows Appellant's counsel stated Appellant's intention to enter such a plea, and the court accepted a no contest plea. (Plea Hg. Tr. 3). However, the trial court stated it was not going to "go through the litany" of the "rest of it"

because Appellant was entering a no contest plea for purposes of appeal. (Plea Hg. Tr. 3). The court found Appellant guilty of possessing drug paraphernalia upon the State's recitation of the facts. (Plea Hg. Tr. 3-5).

{¶63} Similar to *Buffington*, without Appellant expressly tendering his plea into the record, the trial court had no plea to accept and it had no basis for its conviction. *Buffington* at ¶ 25; *see also State v. Tye*, 2025-Ohio-587, ¶ 6 (12th Dist.), citing *Cleveland v. Chappell*, 2017-Ohio-4070, ¶ 14 (8th Dist.) ("a court may not convict and sentence a defendant where no plea has been entered upon the record."); *State v. Keltner*, 2024-Ohio-2017, ¶ 8 (12th Dist.) ("there was no plea for the trial court to accept, and consequently no basis for the judgment of conviction."); *State v. Singleton*, 2006-Ohio-6314 (2d Dist.).

{¶64} Accordingly, we find merit to Appellant's third assignment of error. We therefore reverse Appellant's conviction and sentence, and remand this case to the trial court.

{¶65} In sum, we affirm the trial court's denial of Appellant's motion to suppress. We decline to address any assertion relating to Appellant's alleged nervousness and/or consent as a basis to search his vehicle. We further find no merit to Appellant's assertion that he received the ineffective assistance of counsel.

{¶66} Finally, we vacate Appellant's plea. We reverse Appellant's conviction and sentence and remand this case to the trial court. The trial court committed prejudicial error by failing to inform Appellant of the effect of his no contest plea and in failing to ensure that Appellant expressly tendered his no contest plea on the record.

Robb, J., concurs.

Dickey, J., concurs.

[Cite as *State v. Hallowell*, 2026-Ohio-1036.]

———————————————

For the reasons stated in the Opinion rendered herein, Appellant's first and second assignments of error are overruled. Appellant's third assignment of error is sustained. It is the final judgment and order of this Court that the judgment of the Noble County Court, Noble County, Ohio, is affirmed as to the motion to suppress. It is reversed as to Appellant's conviction and sentence. Appellant's plea is vacated and this matter is remanded to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**